Anderson *et al. v.* Talcott.

JOHN ANDERSON *et al.*, appellants, v. EDWARD B. TALCOTT, appellee.

*Appeal from Kane.*

In the action of replevin, the defendant may plead in bar, property in himself or in a stranger, and if he succeed on the trial, he will be entitled to a return of the property, and to damages for the detention thereof. It is not necessary, that he should connect himself with the title of the stranger. It is sufficient for him, that the right of property is not in the plaintiff, who must recover on the strength of his title.

In replevin, there is strictly no plea of the general issue. The plea of *non cepit* merely puts in issue the taking of the property, and admits the right of property to be in the plaintiff, and if the defendant succeed thereon, he is not entitled to a return of the property. To entitle him to this, he must contest the plaintiff's right to the property, by a formal traverse thereof, or by pleading specially that the right of property is in some one, other than the plaintiff.

If a defendant in replevin pleads property in himself, or a third person, he must, in the same plea, traverse the plaintiff's allegation of right, as the allegation of property as aforesaid is merely inducement to the traverse of the plaintiff's right. The plaintiff must take issue upon the traverse, and not upon the inducement, and the *onus probandi* is upon him. The defendant is only bound to disprove what the plaintiff must prove, in order to sustain his right.

To an action of replevin, the defendant pleaded that he was a deputy marshal of the United States for the district of Illinois, and as such seized the goods mentioned in the plaintiff's declaration by virtue of a *fieri facias*, issued out of the Circuit Court for said district, in a judgment recovered therein by William Montross against Cyrus K. Anderson for $835·90, and that the goods were the property of said Anderson, and Rodolph W. Paddleford, one of the plaintiffs in this case, as partners, and liable to seizure on the *fieri facias;* he also justified in other pleas as in this plea, but alleging that the goods were the property of Cyrus K. Anderson alone: *Held,* that these pleas were defective, in not traversing the plaintiff's allegation of right to the property, but that such defect was cured by the plaintiff's replication of right of property in them.

REPLEVIN in the Kane Circuit Court, September term 1844, before the Hon. John D. Caton and a jury, brought by the appellants against the appellee.   The substance of the pleadings appear in the Opinion of the Court.

The bill of exceptions taken at the trial shows that the defendant proved the rendition of the judgment, the issuing of the execution, its delivery to him as deputy marshal, and the levy thereof on the goods mentioned in plaintiffs' declaration.   He also proved, that over the door of the store, in which the goods were, was the sign, "*Anderson & Co;*" that Cyrus K. Anderson then, and long before resided in Elgin, where the store was situated, and that several of the bales of goods were marked, "*C. K. Anderson;*" that a box of clothing was found in the upper part of the store, and a cover, fitting it, with a similar mark; that Rollin Anderson, his son, about twenty years of age, was usually about the store, and had been seen with the store key, entering the same.

The defendant was permitted to prove the partnership of Cyrus K. Anderson and Rodolph W. Paddleford by public reputation in the neighborhood, the Court stating, however, that such proof, of itself, was not sufficient to prove the existence of such partnership, yet that it was competent to go to the jury as a circumstance in connection with other evidence for that purpose.   To the admission of this evidence, the plaintiffs excepted.

It appeared in evidence, on cross examination, that Paddleford usually transacted the business of the store, but the witness never knew that Cyrus K. Anderson was there transacting business.

The jury returned a verdict for the defendant, with six cents damages, when the plaintiffs moved for a new trial for the following reasons, to wit:

1. That the verdict was against evidence.

2. Because improper evidence was permitted to go to the jury.

The motion was overruled by the Court, the plaintiffs appealed and assign, in this Court, the following errors, to wit:

1. The Circuit Court erred in permitting the said appellee to prove the existence of the partnership by reputation.

2. The Circuit Court erred in admitting the evidence offered by the appellee, which was objected to by the appellants.

9. The Circuit Court erred in overruling the motion of the appellants for a new trial.

*O. Peters,* and *E. E. Harvey,* for the appellants, made the following points:

I.   Evidence to prove a partnership by reputation is inadmissible.   The proper mode of proving a partnership, is to show that they have acted as partners; that by their habit and course of dealing, conduct and declarations, they have induced, or may have induced those with whom they have dealt, to consider them as partners.   Gow on Part. 190, 191.

And the declarations or acts of one partner, though they may be sufficient to charge himself, will not charge the firm. Ibid. 193.

If declarations of one, on which reputation would most likely be founded, be inadmissible, surely reputation itself is inadmissible.

Declarations of one partner are not evidence even to corroborate *prima facie* evidence of partnership.   *Robbins* v. *Willard,* 6 Pick. 464.

The question of partnership is one of *fact;* a fact which is put in issue by the pleadings; the defendant offers to verify it, and he must prove it in the usual way of proving a fact, *i. e.* by the best evidence.   A partnership implies a joint interest, a joint ownership, and it is only by reason of this joint ownership of the property, that the defendant can sustain his justification.

Reputation is admissible in certain specified cases only under peculiar circumstances, and under rigid qualifications.

It must be of a public nature, and such as does not admit of the ordinary means of proof, such as pedigree, character, prescription, boundary, &c.   1 Stark. Ev. 29, 32, and note Y. and noteA.

It is not evidence of a private prescription or other claim.

1 Stark. Ev. 33; nor of boundary between private estates. Ibid. 34.

It must relate to matters general in their character, and in which mankind generally are interested.   1 Stark. Ev. 34, 35.

So far as the decisions of Courts go either way, where the question has been contested, they exclude reputation.

This point of reputation to prove a partnership came directly in judgment in *Bryden* v. *Taylor*, 2 Har. & Johns. 396; particularly the statement of facts, and ruling of the Court, on pages 400, 406.   *Goddard* v. *Pratt*, 16 Pick. 412, 433; and see particularly the case of *Holliday* v. *McDougall*, 20 Wend. 81, where this subject is fully discussed.

II.   The verdict was against the evidence.

Even if it be true that reputation is admissible to prove a partnership, when connected with other circumstances, there were no other circumstances proved in this case, to show either a partnership,  or a sole property in C. K. Anderson.

The property was in the possession of the plaintiffs, and it was taken from their possession by defendant.   This is *prima facie* evidence of title in the plaintiff, and throws the burden of proof upon the defendant to show property in another.

It is proved that C. K. Anderson never had any connection with the business of the store.

Though boxes in the store were marked "*C. K. Anderson,*" it does not appear by whom it was done; nor where the boxes were made; for what they had been used; nor whether they might not have been used by C. K. Anderson for one purpose, and bought of him by the plaintiff to be used for another purpose; nor that he had any knowledge of what the boxes contained.

The sign "*Anderson & Co.*" over the door of the store, was the proper sign for *John Anderson & Paddleford;* but it was no evidence of the ownership of C. K. Anderson, nor that he was a partner.

The fact that Rollin Anderson was about the store, entered it with a key, &c., might tend to prove that Rollin Anderson was a clerk of J. Anderson & Paddleford, or that he was a partner but has no tendency to prove that C. K. Anderson was a partner of the concern.

Anderson *et al. v.* Talcott.

The fact that John Anderson and R. W. Paddleford were in the store, using and controlling the goods, and they only exercising acts of ownership, would seem to be almost conclusive acts of ownership, in them, and not that C. K. Anderson and Paddleford were partners; and especially is this so, when it appears that C. K. Anderson was never seen in the store but once or twice, and then doing no business.

If property of merchants and others can thus be wrested from them to pay the debts of others, they certainly hold it by a feeble tenure. They are placed at the mercy of every one, who, by violence, without law, and against law, may choose to seize their property to satisfy the debts of third persons.

The case of *Bryden* v. *Taylor* is, in this respect, like the present, and shows that the evidence is insufficient.

*J. Butterfield,* for the appellee:

Under the issues, the *onus probandi* was on the plaintiffs. Where a defendant pleads property, and denies property in the plaintiff, the latter can only put in issue that the property is in himself. *Bemus* v. *Beekman,* 3 Wend. 672; *Rogers* v. *Arnold,* 12 do. 35; *Prosser* v. *Woodward,* 21 do. 207.

As to what the plaintiffs must prove to sustain their action, see 4 Phil. Ev. 175, Cowen & Hill's Ed.

The bill of exceptions contains all the evidence, and it does not appear that the plaintiffs offered any evidence to show title to the property.

The Opinion of the Court was delivered by

TREAT, J. This was an action of *replevin* brought by John Anderson and Rodolph W. Paddleford against Edward B. Talcott.

The declaration was in the usual form, for the taking of a stock of goods belonging to the plaintiffs.

The defendant pleaded five pleas;

*First,* that the defendant was a deputy marshal of the United States for the District of Illinois, and as such seized the goods by virtue of a *fieri facias* issued out of the Circuit Court for said District, on a judgment recovered therein by

William Montross against Cyrus K. Anderson for $835,90; and that the goods were the property of Cyrus K. Anderson and Rodolph W. Paddleford as partners, and liable to seizure on the *fieri facias;*

*Second,* that the goods were the property of Cyrus K. Anderson; without this, that they were the property of the plaintiffs;

*Fourth,* that the goods were the property of Cyrus K. Anderson and Rodolph W. Paddleford as partners; without this, that they were the property of the plaintiffs.

The *third* and *fifth* pleas justified the taking as in the first plea, but alleged that the goods were the property of Cyrus K. Anderson.

To the first and fourth pleas the plaintiffs replied, that the goods were the property of the plaintiffs, and not the property of C. K. Anderson and R. W. Paddleford as partners.

To the second, third and fifth pleas they replied, that the goods were the property of the plaintiffs, and not the property of C. K. Anderson.

These issues were submitted to a jury for trial, and were all found for the defendant.

· The plaintiffs entered a motion for a new trial, on the ground that the verdict was against the evidence, and because the Court admitted improper testimony. The Court denied the motion, and rendered judgment on the verdict, and awarded a writ of *retorno habendo.* A bill of exceptions was taken by the plaintiffs, setting forth all the evidence introduced on the trial.

The plaintiffs have prosecuted an appeal to this Court. They assign for error a decision of the Circuit Court, admitting evidence to which they objected, and also the decision of the Court refusing the motion for a new trial.

In the view we are constrained to take of this case, it is wholly unnecessary to inquire into the propriety of the decisions complained of. The whole record shows conclusively that the plaintiffs were not entitled to a verdict on any of the issues. The bill of exceptions contains all of the evidence, and it appears that the plaintiffs introduced no testimony

whatever to the jury, to sustain the issues on their part. The case seems to have been tried on the assumption, that the pleadings admitted, in the first instance, the right of property to be in the plaintiffs; and that the *onus probandi* was imposed on the defendant. This is a mistaken view of the law applicable to the action of replevin.

In this action, the defendant may plead in bar, property in himself or in a stranger, and if he succeed on the trial, he will be entitled to a return of the property, and to damages for the detention thereof. It is not necessary that he should connect himself with the title of the stranger. It is sufficient for him, that the right of property is not in the plaintiff. The plaintiff must recover on the strength of his title.

There is strictly no plea of the general issue in this action. The plea of *non cepit* only puts in issue the taking of the property. This plea admits the right of property to be in the plaintiff, and if the defendant succeed on the plea, he is not therefore entitled to a return of the property. If he insists on a return, he must contest the plaintiff's right to the property. This he may do by formally traversing the plaintiff's allegation of right, or by pleading specially that the right of property is in some one, other than the plaintiff. The defendant is bound to take this course, before he can contest the plaintiff's right. The object of these allegations by the defendant is to procure a return of the property, and to impose on the plaintiff the necessity of proving title to sustain his action. These allegations, when made, require the plaintiff to make out his right. If the defendant pleads property in himself or a third person, he must in the same plea traverse the plaintiff's allegation of right. In such case the allegation of property in the defendant, or a third person, is only considered as inducement to the traverse of the plaintiff's right, and the plaintiff must take issue on the traverse, and not on the inducement. On such an issue, the substantial matter in dispute is the right of the plaintiff to the property. The plaintiff holds the affirmative of the issue, and must sustain his right, or fail in the action. What the plaintiff must prove, the defendant is at liberty to disprove. This he may do, by

showing a state of facts inconsistent with the plaintiff's claim of right. That this is the doctrine governing the action of replevin, is abundantly established by the cases of *Bemus* v. *Beekman*, 3 Wend. 667; *Rogers* v. *Arnold*, 12 do. 30; *Prosser* v. *Woodward*, 21 do. 205, and the numerous authorities there referred to.

Applying these principles to the present case, there is no difficulty in determining it. The only substantial issue in the case was the right of the plaintiffs to the property in dispute. The burden of sustaining this issue was on them. They failed to adduce any evidence to sustain their allegation, and of course had no right to recover. They were not prejudiced by the introduction of the testimony objected to, and they had no foundation for a new trial.

It is, perhaps, proper to remark, that the first, third and fifth pleas, were defective in not traversing the plaintiffs' allegation of right to the property. This defect, however, was aided by the replications. The same issue was formed as would have been, if the pleas had contained the proper traverse.

The judgment of the Circuit Court is affirmed with costs. *
                              *Judgment affirmed.*

---

\* The plaintiffs, by O. PETERS, their counsel, filed their petition for a rehearing, which was denied