## JAMES SAMPLE

87   617
70a 328

*v.*

## WILLIAM H. BROADWELL *et al.*

1. PROCESS—*as a protection to an officer.* A writ of replevin commanding the officer to replevy and deliver to another a house, described as the goods and chattels of the plaintiff in replevin, is a full protection to the officer executing the same, even though the building removed may, in fact, be a part of the realty, and the writ impliedly gives him the right to enter upon the defendant's close to execute the same.

2. PLEADING—*justifying taking of house under writ of replevin.* Where an officer, when sued in trespass for entering the plaintiff's close, and removing a building therefrom, justifies under a writ of replevin, it is not necessary for him to allege and show that such building was in fact personal property. He may rely upon the writ alone as his protection. If the building was, in fact, real estate, the injured party must seek redress against the party who sued out the writ.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. EPLER & CALLON, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit*, brought by James Sample against William H. Broadwell, Cleveland J. Salter, Jeremiah Graves, Felix J. Lombard and William R. Jones, the declaration charging that the defendants forcibly and unlawfully entered upon the plaintiff's close, and removed therefrom his dwelling house, the same being attached to the freehold and being real estate. Broadwell, Graves, Lombard and Jones filed special pleas justifying under a writ of replevin issued out of the county court of Morgan county, at the suit of Salter against Sample, setting out the writ, which, after reciting that Salter had made the requisite complaint, under oath, of the wrongful detention by Sample of the following goods and chattels, of which Salter was then lawfully entitled to the possession, to-wit, one-story frame dwelling house, commanded the sheriff to replevy and deliver the said goods and chattels to the plaintiff, the pleas averring that Broadwell was the sheriff to whom the writ was directed, and that Graves, Lombard and Jones were his deputies. There were various replications and demurrers thereto, of which we need not make particular mention, the result being that demurrers were sustained to the replications, and there was judgment upon the demurrers in favor of the defendants. The suit having been dismissed as to Salter during the progress of the cause, it is unnecessary to notice anything further as to him. The plaintiff appealed.

The question presented upon the pleadings is, whether the writ of replevin was a justification for the sheriff. No question is raised upon the sufficiency of the writ itself, but the objection

is to the matter of defense in substance—that a writ of this character can form no justification in such a case.

The sheriff but obeyed his writ, and did the very thing he was commanded to do. The law in such case protects the officer. *Tefft* v. *Ashbaugh*, 13 Ill. 602; *Barnes* v. *Barber*, 1 Gilm. 401. In the latter case it was said, "It is the policy of the law as well to encourage as to protect its officers in the faithful and efficient discharge of their official duties. Prosecutions against them for acts done by them in the *bona fide* performance of such duties should, therefore, find no favor in courts of justice, although for any neglect of duty, or abuse of power, they should be held to a strict accountability." In *Wilmarth* v. *Burt*, 7 Metc. 257, SHAW, Ch. J. says: "As a general rule, the officer is bound only to see that the process which he is called upon to execute is in due and regular form, and issues from a court having jurisdiction of the subject. In such case he is justified in obeying his precept, and it is highly necessary to the due, prompt and energetic execution of the commands of the law, that he should be so." "It is incomprehensible," says Lord KENYON, in *Belk* v. *Broadbent*, 3 T. R. 185, " to say that a person shall be considered as a trespasser who acts under the process of the court."

The entry upon appellant's land, on which the house stood, was necessary in order to the execution of the writ, and the right of such entry was impliedly given by, and included within, the command to execute the writ.

It is asserted that there was here an attempt to replevy what was a parcel of the real estate of the appellant; that real estate is not the subject of replevin; that a dwelling house is presumed to be real estate, until circumstances are shown which take it out of the general rule that it is real estate and show it not to be such; and that as the pleas here did not set out any such circumstances, the presumption must prevail that the house was part of the realty, and so no justification was shown for taking it as goods and chattels.

The question is not, what was the actual fact, but what was

the officer justified in regarding as the fact. Although ordinarily a dwelling house is attached to, and forms a part of, the realty, and is to be presumed such, there may be circumstances existing in which it will be a personal chattel; and one may own, and have belong to him as his personal property, a house standing upon the land of another; and the latter was what the officer had the right to believe and act upon as the condition here. The writ recited upon its face that the plaintiff suing it out had made affidavit before the clerk that the house belonged to him as his goods and chattels, and was wrongfully detained by the defendant, and therefore the sheriff was commanded to cause the said goods and chattels to be replevied and delivered to the plaintiff. Surely it was not for the sheriff to set up against this the ordinary presumption that the house was part of the realty, and act thereon, and refuse to obey the writ. It did not belong to him to institute an inquiry whether or not the house was the personal property of the plaintiff, and execute the writ or not, according as he found the result. But he might rest upon the writ itself as his sufficient authority, and execute its command by the delivery of the property to the plaintiff, and if the defendant should thereby be wrongfully injured, his resort for redress should be to him who sued out the writ, and not to the ministerial officer who obeyed the mandate of the writ.

We see no defect in the pleas, then, in not setting forth the state of circumstances to show that the house was personal property. It was enough to set up the writ alone.

The judgment must be affirmed.

*Judgment affirmed.*