## Asad Udell and Malachi Quigley v. Ira Slocum.

1. APPEARANCE—*Entry of, in Replevin Suit—Waives Affidavit and Process, When.*—When a person becomes a party defendant to a suit pending in replevin and voluntarily enters his appearance, he waives the filing of an affidavit as to him, and the issuing of a writ and service thereof.

2. ACTIONS—*Change in Form, Pending Suit.*—The action of replevin when the property is not found may be changed to trover.

3. VERDICT—*When for the Plaintiff by Direction of the Court.*— Where there is such a failure of proof on the part of the defense that a verdict based upon it can not be allowed to stand, a court may properly direct the jury to find for the plaintiff.

4. CHATTEL MORTGAGES—*Mortgagee May Maintain Replevin or Trover for Possession.*—Where a mortgage provided that if a distress warrant should be levied upon the property the debt should, at the option of the mortgagee, become due, and he should have the right to take immediate possession, and the property is seized upon a distress warrant, the mortgagee may demand the same, and if possession is not delivered to him, he may maintain replevin for it or trover for its conversion.

5. REPLEVIN—*Demand and Grounds of Refusal.*—Where a demand is made upon a defendant in a replevin suit, prior to its commencement for the property, if he refuses to deliver the property upon the ground that he has no longer possession of it, he must put his refusal upon that ground so that the plaintiff may know where to look for his property and not be misled to his injury.

6. SAME—*Demand of an Agent.*—Where property sought to be replevied is in the possession of an agent, a demand upon the agent is sufficient to bind the principal.

**Memorandum.**—Replevin and trover. In the Circuit Court of McHenry county, on appeal from a justice of the peace; the Hon. CHARLES KELLUM, Judge, presiding. Trial by jury; verdict for the plaintiff by direction of the court; appeal by defendants. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

APPELLANTS' BRIEF, JOHN B. LYON, ATTORNEY.

Appellants contended that the affidavit in replevin is jurisdictional. Evans v. Benton, 85 Ill. 579; Stolberg v. Ohnmacht, 50 Ill. 442; McClaughry v. Cratzenbergh, 39 Ill. 117; Kehoe v. Rounds, 69 Ill. 352.

A mortgagor of chattels has an interest in the property mortgaged that may be seized and sold, and a person mak-

ing a levy on such goods is not a trespasser, and neither replevin in the *cepit* nor trespass will lie against him, his levy and possession thereunder being lawful. Durfee v. Grinnell, 69 Ill. 371; Pike v. Colvin, 67 Ill. 227; Merritt v. Niles, 25 Ill. 282; Beach v. Darby, 76 Ill. 479; Spaulding v. Mozer, 57 Ill. 648.

A demand and refusal is no evidence of a conversion when the thing demanded is not in the possession or under the control of the person demanded of. Hill v. Belaseo, 17 Brad. 195; Addison on Torts, 399; Race v. Chandler, 5 Brad. 553.

Before recovery can be had in trover or replevin it is necessary to prove either that the defendant acquired possession of the property wrongfully, or that he had it under his control and refused to surrender it on demand. Woodard v. Woodard, 14 Ill. 466; Goff v. Harding, 48 Ill. 148; Boyden v. Frank, 20 Brad. 169.

APPELLEE'S BRIEF, C. P. BARNES, ATTORNEY.

" A court may permit amendments to be made to the extent of discontinuing the action as to any joint plaintiff or joint defendant, and changing the form of action so long as any one or more of the original plaintiffs and defendants remain parties to the action." Meyer et al. v. Wilshire, 92 Ill. 395; Douglass v. Newman, 5 Brad. 518; Citizens' Gas Light and Heating Co. v. Granger & Co., 118 Ill. 277; McDowell v. Town et al., 90 Ill. 359.

The proof is conclusive that a demand was made on Udell, and that he was the agent of Quigley, and was still acting in that capacity after this suit was commenced. Wells on Replevin, Sec. 379. Had the seizure been lawful, we submit the demand would have been sufficient, and Udell would still be liable in trover with Quigley for the value of the property. Ring v. Billings, 51 Ill. 475. Had appellant's taking of the property been lawful, and their possession rightful, still by contesting appellee's right to the property, and attacking his mortgage, they waived the necessity of any demand. Brumer v. Dyball, 42 Ill. 36; Wells on Replevin, Sec. 374.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was commenced by appellee in replevin before a justice of the peace against Asad Udell, one of the appellants, for the recovery of a horse, two colts, seven calves and a lumber wagon. The writ was personally served, but the property was not found. The justice rendered judgment for plaintiff for $146, damages and costs, and the defendant appealed to the Circuit Court, where, on motion of the plaintiff, the appellant Malachi Quigley was added as a party defendant. Said Malachi Quigley entered his appearance at the September term, 1890, and the cause was continued from term to term until the January term, 1893, when he entered his motion to dismiss the suit as to him because no affidavit in replevin had been filed against him. The plaintiff made a cross-motion to change the form of the action to trover. The cross-motion was sustained and the motion to dismiss overruled, and this action of the court is complained of. The right to change the form of a pending action of replevin to trover is conceded, but it is claimed that no action was pending against Quigley for want of an affidavit. Jurisdiction had been acquired by the filing of an affidavit to issue the writ against Udell, and when Quigley was made a co-defendant with Udell he voluntarily entered his appearance to the action, thereby waiving the issuing of a writ against him and service thereof. If an affidavit would have been necessary to the issuance of a writ against him in the first instance, he had waived it by waiving the writ and entering his appearance. The action was pending, and if an affidavit was necessary for any purpose it could have been filed at any time, and the change to trover obviated any such necessity.

A trial was had and the court directed the jury to return a verdict for the plaintiff, which was done accordingly, and the damages were assessed at $160. Plaintiff remitted $14, and judgment was entered for $146 damages and costs.

The facts appearing on the trial were as follows:

On December 15, 1889, James Donnelly was the tenant

of the defendant Malachi Quigley, and the owner of the property in controversy, and. other personal property and crops on the farm occupied by him. The plaintiff was the holder of a mortgage for $200 on the property in controversy, and had consented that it should be sold with other property at a farm sale that Donnelly had advertised for that day, and plaintiff was to take sale notes to the amount of his mortgage for the property sold. Donnelly was indebted to Quigley to the amount of $135, for rent, and Quigley issued his warrant to the defendant Udell, directing him to make distraint to that amount. Udell went to the farm and levied on property of Donnelly and stopped the proposed sale. Donnelly claimed the exemption allowed to the head of a family. On the next day, December 14th, Udell filed his distress warrant with an inventory of the property levied on in the office of a justice, who issued a summons against Donnelly returnable December 19th, and the summons was personally served. Donnelly having made a schedule of his property, Udell proceeded to have an appraisement, and Donnelly having made his selections, Udell, on December 18th, took the property in controversy and removed it from the farm. Judgment was rendered December 19th, by default against Donnelly for $135 rent and costs. Plaintiff demanded the property in controversy through an agent from Udell, who refused to surrender it, and this suit was commenced December 26, 1889. The general defense relied upon was that the mortgage under which plaintiff claimed was fraudulent and void, but there was no evidence in support of that defense which would require submission of that question to the jury. There was such a failure of proof on that issue that a verdict based upon that defense could not be allowed to stand.

Udell defended on the ground that his levy was lawful when made and that he had parted with the possession of the property before the plaintiff as mortgagee had exercised his option to take possession of the mortgaged property and made demand for such possession. The mortgage provided that the mortgagor might retain possession of the

property until default in payment of the note therein mentioned, which was not due at the time of the levy or demand, and that if the mortgagee should feel insecure or unsafe, or if, among other contingencies, any distress warrant should be levied on the property, the debt should, at the option of the mortgagee, become due, and he should have the right to take immediate possession of the property and sell it as therein provided for the satisfaction of his debt, rendering the overplus, if any, to the mortgagor. Donnelly therefore had an interest in the mortgaged property which was subject to levy under the distress warrant, and Udell was not a trespasser in making the levy. But the plaintiff had a right to demand the property, and on a refusal to surrender it, would have a right to maintain replevin for it or trover for its conversion. Pike v. Colvin, 67 Ill. 227; Durfee v. Grinnell, 69 Ill. 371; Simmons v. Jenkins, Admr., 76 Ill. 479.

When the demand was made upon Udell for the property, he said that he would consider that the demand was made, but that he could not deliver the property. The refusal was general, and was not shown to have been placed upon the ground that he did not have possession of the property. On the trial, he claimed that after having taken the property, he turned it over to one Thomas Quigley, as an agent for the defendant Malachi Quigley. The plaintiff was present when Udell levied on the property, and Udell had afterward taken it from the farm. It was not shown that anything had occurred to afford information to the plaintiff that Udell's relationship to the property or to the defendant Quigley had changed or ceased. If a change, known to Udell, but not to the plaintiff, had taken place in the possession of the property, the latter had a right to be informed of it, and if not informed, he had a right to suppose that Udell still had possession. If the refusal to surrender was upon the ground that he had parted with the possession, he should have put it on that ground, so that the plaintiff might learn where to seek the property and not be misled to his injury. Wells on Replevin, Sec. 381. Having failed to speak when fairness required it, and having given an un-

qualified refusal to surrender the property, we do not think that he should now be permitted to offer the change of possession to another agent as an excuse. If that were allowed, then, in case the second agent, Thomas Quigley, were sued after a demand on him, it might turn out that the property had secretly passed to some other agent of Malachi Quigley. The agency having existed, and the plaintiff having no notice, either in fact or from the circumstances, of any revocation, he had a right to treat it as still existing. 2 Kent Com., 644; Story on Agency, Sec. 470.

The special defense of Quigley was, that no demand for the property was made upon him. If Udell was in possession of the property as the agent of Quigley, and holding it by authority of his principal, the demand upon the agent would be sufficient. Cobbey on Replevin, Sec. 484; Wells on Replevin, Sec. 375; Deeter v. Sellers, 102 Ind. 458; Under the evidence, the plaintiff had the right to treat that relation and condition as existing, and therefore the defense was not available.

The action of the court was justifiable and the judgment will be affirmed.