### George P. Ide et al. v. James H. Gilbert.
### A. S. Rosenthal et al. v. James H. Gilbert.
### Emil Greeff et al. v. James H. Gilbert.

1. PARTIES—*In Replevin.*—A person who is induced by fraud to sell goods to another, and from whom the same are taken by the sheriff upon executions in favor of third persons, may bring replevin against the sheriff for the goods, without making the vendee a party.

2. CONTINUANCE—*Cause Must be Shown.*—When a party applies for a continuance on account of the absence of testimony, the motion must be grounded on the affidavit of the party so applying, or his authorized agent, and show that due diligence has been used to obtain such testimony, or the want of time to obtain it, etc.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

MOSES, PAM & KENNEDY, attorneys for appellants.

MORAN, KRAUS & MAYER, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The question in each of these three cases is the same, and is presented by the same counsel in each case.

The actions are by appellants, who had sold goods to one Daniel Goodman, and the appellee is the sheriff, who had levied executions in favor of persons other than the appellants, upon the goods of Goodman, and taken them into his possession.

The appellants respectively replevied the goods they had sold, claiming the right to do so on the allegation that Goodman had procured the goods from them by fraud.

The replevin suits were commenced early in November, 1892, and in June, 1895, were upon the calendar for trial upon issues with appellee. Goodman was made a defendant in the suits, but was never served with process, and never appeared.

He was not a proper party defendant.   Richardson v. Reed, 4 Gray 441.

The statutory affidavit (Sec. 4, Replevin) " that the property is wrongfully detained by the defendant " could not be truthfully made as to Goodman.

The appellants severally applied for continuance upon the grounds that they had attempted to take depositions of Goodman in May, 1895, to prove the fraud he had committed, but he had refused to attend, and that under the laws of Wisconsin, where Goodman was, he might be compelled to attend, and that the appellants would avail themselves of such laws.   It is not necessary to fill space with the voluminous affidavits, as the ground upon which we hold that the continuances were rightly denied, is that the long delay in endeavoring to obtain Goodman's testimony is wholly unaccounted for, and there is no such showing as to the tenor or purport of Wisconsin laws as enables the court to see that the conclusion the respective affiants had drawn, that Goodman might be compelled to attend, had any foundation.

Each affidavit states that the affiant "is informed and believes, and charges the fact  to be, that the attorneys of the defendants herein " induced Goodman not to attend; but that statement is ambiguous, as there is but one defendant, and each case shows that whatever action in that direction was taken by any attorney, was by a Wisconsin attorney having no apparent connection with the litigation here, and professing to act only for Goodman himself.

If the affidavits were intended to raise the suspicion that the attorneys of the appellee had prevented the taking of the testimony, those affidavits should have been more definite, and the source of information and ground of belief more fully stated.

The judgments are affirmed in each case.