## Samuel Richardson v. Thomas Cassidy.

1. REPLEVIN—*Where it Lies.*—Replevin lies only against one from whose possession the sheriff can take the property, and to whose possession it can be returned if a return is awarded.

2. SAME—*After a Forthcoming Bond is Given.*—The lien of an execution remains upon personal property levied upon and retained by the defendant under a forthcoming bond but replevin does not lie against the officer holding the execution after the bond is taken.

3. ABSTRACTS—*No Fees Where the Whole Record is Printed.*—When the appellant prints the whole record instead of making and printing an abstract he will be allowed no fees for printing it.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed April 13, 1896.

WILLIAM E. O'NEILL, attorney for appellant.

The action of replevin will not lie against one who has come into the lawful possession of chattels if he has any equitable or legal lien to the same, or where he has not actual or constructive possession of the same. Cobbey on Replevin, page 30, Sec. 51; Ramsdal v. Buswell, 54 Me. 546; Byron v. Crippen, 4 Gray (Mass.) 312; Newhall v. Dunlap, 14 Me. 180; 31 Am. Dec. 45; Hoover v. Hays, 10 B. Mon. (Ky.) 72; 31 Am. Dec. 540.

Replevin does not lie unless there has been an unlawful taking from the possession of another. Cobbey on Replevin, Sec. 55; Meany v. Head, 1 Mass. 319.

To enable plaintiff to maintain an action for the recovery of specific personal property, the defendant must be in possession thereof at the commencement of the action. Where the petition alleges that the defendant is in possession, and the proof shows the contrary, there is such variance between the allegation and the proof as disables plaintiff from recovering. Cobbey on Replevin, Sec. 61; Hager v. Marcus, 5 Mo. App. 565; Crawford v. Wright, 5 Mo. 577; Johnson v. Garlick, 25 Wis. 705; Coffin v. Gebhart, 18 Ia. 257; Houghten v. Newberry, 69 N. Car. 456; Hall v. White, 106 Mass. 599.

Kavanagh & O'Donnell, attorneys for appellee.

Where there are two copies of the record, one printed and one written, the court will not dig through the entire record to find the facts. Flory v. Brown, 37 Ill. App. 270; Lake v. Lower, 30 Id. 500; People v. Auperger, 23 Id. 450.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellee commenced an action of replevin against several persons, among whom was the appellant, who alone put in pleas, and his pleas were *non cepit, non detinet*, and a plea stating circumstances specially, which, in effect, amounted to both the other pleas.

He never had possession of the property. His only interest in it, so far as this record shows, is that he had loaned some money and taken as security therefor, by indorsement, a warehouse receipt issued to the person to whom the money was loaned.

There was some testimony that he did offer to sell the property, to be taken out of town, the tendency of which was to show a bad intent on his part, but none that he had ever meddled with the custody or control of the property itself. On his pleas, therefore, the verdict should have been

in his favor, which would have left the property in the possession of the appellee, it having been delivered to him under the replevin writ. Mattson v. Hanisch, 5 Ill. App. 102.

The appellant was not liable to be sued in replevin, which lies only against one from whose possession the sheriff can take the property, and to whose possession it can be returned, if a return is awarded. Ide v. Gilbert, 62 Ill. App. 524; Blatchford v. Boyden, 18 Ill. App. 378; Boyden v. Frank, 20 Ill. App. 169; Hall v. White, 106 Mass. 599.

Though the lien of an execution remains upon personal property levied upon and retained by the defendant in the execution under a forthcoming bond (Brush v. Seguin, 24 Ill. 254), yet the officer holding the execution can not, after the bond is taken, be sued in replevin. Gaff v. Harding, 48 Ill. 148.

The case does not show that the appellant ever put any impediment in the way of the appellee reclaiming his property, or made any attempt to prevent him from keeping it after he got it.

The judgment is reversed and the cause remanded.

The appellant having printed the whole record, instead of making and printing an abstract, will be allowed no costs for printing it. Kelly v. Kellogg, 79 Ill. 477. Reversed and remanded.