Alexander v. Boyle.

MEARS & DOWNEY, attorneys for appellant.

E. C. AKIN, State's Attorney, for appellee.

---

## John Alexander v. Hugh Boyle.

1. DEMAND FOR POSSESSION—*Ground of Refusal to Comply with, Must Not be Stated Untruly.*—Where demand is made upon a party for the delivery of property, he must act in good faith, and put his refusal upon the true ground which he expects to rely upon. He can not make one excuse when the demand is made, and when the suit is brought, defend on another and different ground.

2. REPLEVIN—*Proof of Insolent Conduct by Plaintiff Inadmissible.*—In a replevin suit it is proper to refuse to allow the defendant to prove

that the plaintiff insolently demanded the property and caused the arrest of the defendant for stealing it. There is no issue in such a case to which such evidence would be at all pertinent.

Replevin, for a wagon. Appeal from the City Court of Aurora; the Hon. R. P. GOODWIN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

N. J. ALDRICH, F. D. WINSLOW and WM. GEORGE, attorneys for appellant; THEODORE WORCESTER, of counsel.

ALSCHULER & MURPHY, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of replevin for a wagon. Verdict for appellee for $30 damages, and judgment on the verdict.

There seems to be no dispute about the fact that appellee was the owner of the wagon in question, nor that it was stolen from him in Chicago, taken to Aurora, and bought by appellant, who was the secretary and treasurer of the Alexander Lumber Company, a corporation doing business in Aurora, and of whose affairs there, appellant appears to have had general charge.

The contention of appellant is that in purchasing the wagon he was acting for the Alexander Lumber Company, whose money paid for it, and that the only possession he ever had of the property was as an agent or servant of the company. It is therefore insisted that the demand for possession should have been made upon the company, and suit brought against it, and not against appellant in his individual capacity. On the other hand, it is claimed, and the proofs seem to show, that when appellee found his wagon at the yards of the Alexander Lumber Company, he told appellant it was his property and he wanted it, but that appellant informed appellee that he, appellant, had bought the wagon and he would keep it; that appellant refused to surrender the possession of the wagon, saying it was his wagon and he would keep it; telling appellee he "might

Alexander v. Boyle.

take law proceedings, or do what he had a mind to, but he (appellant) would not give up the wagon." Appellant does not deny having made these statements, but insists that appellee could not have been deceived by them, or led to understand that appellant was claiming the wagon as his individual property, but that, from all the circumstances and surroundings, appellee must have understood that appellant was speaking for the company, and not for himself.

It is not disputed, as a general proposition, that when the right to possession of personal property is in controversy, the demand for and suit to recover it must be made of and brought against the party who has the possession, nor that, as a general rule, replevin will not lie against a servant for property in his actual possession belonging to the master, but which the former holds merely as a servant, unless he is guilty of some wrongful act.

But in this case we think the conduct of appellant when the demand was made upon him, was such as to estop him from now setting up the defense relied upon. Where demand is made upon a party for the delivery of property, he must act in good faith, and put his refusal upon the true ground which he expects to rely upon at the trial. He can not make one excuse when the demand is made, and when the suit is brought, defend on another and different ground. Wells on Replevin, 275, 380, 381; Ingalls v. Buckley, 15 Ill. 224; Udell et al. v. Slocum, 56 Ill. App. 216.

The authorities on this question are numerous and uniform.

The court committed no error in refusing the evidence offered by appellant to show that appellee insolently demanded the property and caused the arrest of appellant upon a criminal charge for the theft of the wagon. There was no issue in the case to which such evidence would be at all pertinent. No instructions were given for appellee and the only one refused for appellant would have directed a verdict in his favor. It was properly refused.

We find no error in the record and the judgment will be affirmed.