### James H. Gilbert v. Buffalo Bill's Wild West Co.

1. PROCESS—*As a Protection to an Officer.*—A writ of replevin commanding an officer to replevy and deliver to another, property described in the writ, makes such property, as to the officer, goods and chattels, although the property may in fact be a part of the realty.

2. PARTIES—*In Replevin.*—A replevin writ must be directed against one from whom possession can be taken and to whom possession can be returned.

3. RECOVERY—*When the Evidence Shows a Defense.*—It matters not how it appears in evidence that a plaintiff has no case, if it does so appear he can not recover.

4. SAME—*In Trespass—When the Evidence Shows a Defense.*—If in an action of trespass against several one is defaulted and the others acquitted upon pleas which, if true, are a defense for all, the plaintiff can not have judgment against the one defaulted.

5. TRESPASS—*Against a Sheriff—Writ of Replevin a Defense.*—An action of trespass will not lie against a sheriff for taking property out of

the custody of a defendant in the writ even where the sheriff took an insufficient replevin bond. In the latter event the action should be in case.

Trespass, for the wrongful levy of a writ of replevin. Appeal from the Circuit Court of Cook County; the. Hon. Thomas G. Windes. Judge, presiding. Heard in this court at the March term, 1897. Reversed without remanding. Opinion filed June 14, 1897.

Pam & Donnelly, attorneys for appellant; E. R. Bliss, of counsel.

That a sheriff is protected by the writ of replevin, if he takes the property therein described, even if the owner of the property is not made a party defendant to the writ, is sustained by the great weight of authority. See Murfree on Sheriffs, Sec. 104c; Cobbey on Replevin, Secs. 644 and 645; Hallett v. Byrt, Carth. 381; Watson v. Watson, 9 Conn. 140; Weiner v. Van Rensselaer, 43 N. J. Law, 547; Hayden v. Shedd, 11 Mass. 500; Willard v. Kimball, 10 Allen, 211; Foster v. Pettibone, 20 Barb. 350; Shipman v. Clark, 4 Denio, 446.

Where it is sought to hold the principal liable in trespass for the act of the agent, when the agent or servant is discharged from liability, such in itself operates to discharge the principal from liability. King v. Chase, 15 N. H. 9; Featherstone v. Turnpike Co., 71 Hun (N. H.), 109; Castle v. Noyes, 14 N. Y. 329; Emery v. Fowler, 39 Me. 326; Lake Shore & M. S. Ry. v. Goldberg, 2 Brad. 228; Vigeant v. Scully, 35 Ill. App. 44.

A. B. Jenks, attorney for appellee.

The appellant having failed to plead justification under the writ of replevin, that defense was waived, and he was not entitled to the benefit of it, even though the writ of replevin was put in evidence by the plaintiff. Olsen v. Upsohl, 69 Ill. 273; Blanchard v. Burbanks, 16 Brad. 375.

In an action of trespass against a sheriff, in which he is declared against personally and not as sheriff, it is competent to prove that the deputy, assuming to act under color or by virtue of his office, committed the trespass complained of. Poisnett v. Taylor, 6 Cal. 78; Cotton v. Marsh, 3 Wis.

199; Watson on Sheriffs, 37; Gregory v. Cotterell, 5 E. .&
B. 571 (85 E. C. L.); 26 Am. & Eng. Enc'y of Law, 649,
note 1; Hirsch v. Rand, 39 Cal. 315; 5 Am. & Eng. Enc'y
of Law, 634; Sanderson v. Baker, 2 Wm. Bl. 832; Murfree
on Sheriffs (2d Ed.), Secs. 20, 21, and 59a–61a.

It is the duty of the sheriff to ascertain the value of the
property, and take a bond in twice that value, and, if he
does not do it, he is liable in trespass because of his failure
to comply with this condition precedent.    Milliken v. Selye,
6 Hill, 623; Whitney v. Jenkinson, 3 Wis. 363; Wells on
Replevin, Secs. 385 and 388; Morris v. Van Voast, 19 Wend.
283; People v. Core, 85 Ill. 248; Morse v. Hodsdon, 5 Mass.
314.


MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

During the World's Fair year the appellee had a show
place near the fair grounds, and when the fair was over
left the place in charge of custodians, the custodian at the
time of the events giving rise to this suit being one John
Crowley.

September 22, 1894, one Barnett Graff sued out of the Cir-
cuit Court, a writ of replevin, which—the appellant being the
sheriff—was delivered to the appellant to execute.    In that
writ John Crowley was one of the defendants.    The appel-
lant, by deputy, walked into the place, read the writ to
Crowley and took the receipt of Graff for the property
there—it being the property described in the writ.

For that transaction this action of trespass was brought
by the appellee against the appellant and others, and a judg-
ment of $2,208 recovered.

The property was partly temporary buildings upon leased
ground, but the writ made all the property—as to the appel-
lant—goods and chattels.    Sample v. Broadwell, 87 Ill. 617.

Crowley was the only proper defendant in the writ.

The writ must be against one from whom possession can
be taken, and to whom possession may be returned.    Blatch
ford v. Boyden, 122 Ill. 657; Richardson v. Cassidy, 63 Ill.
App. 482; 20 Am. & Eng. Ency. Law, 1058.

As the appellee, in order to show the connection of the appellant with what the appellee charged was a trespass, was obliged to put in evidence the writ and return, the justification of the appellant—if he had any—was in for his benefit. Savage v. French, 13 Ill. App. 17.

It needs no authority that if the plaintiff's right of action is in issue, he can not recover unless he proves his right; can he be better off by proving affirmatively that he had no right? If, in an action of trespass against several, one is defaulted and the others acquitted upon pleas which, if true, are a defense for all, the plaintiff can not have judgment against the defaulted. Briggs v. Benger, 2 Ld. Raym. 1372.

The principle is that it matters not how it comes in that the plaintiff has no case; if it does come in, he can not recover.

The defendant may be prevented from putting in facts showing that the plaintiff has no case, by neglect in pleading, but there is no such obstacle in the way of the plaintiff.

Now, will trespass lie against a sheriff for executing a writ of replevin, by taking the property out of the custody of a defendant in the writ? What has been said answers that question in the negative.

The court erred in giving an instruction as follows:

"If the jury believe from the evidence that James H. Gilbert, sheriff, acting through John C. McDevitt, his deputy, at the direction or in company with the other defendants, under a writ of replevin running against a person or persons other than the plaintiff in this suit, entered on land then in possession of plaintiff or its agent and took the personal property of plaintiff situated on such land, and converted such property to their own use, then their verdict should be for the plaintiff for the fair cash market value of such personal property with interest at five per cent from that date."

There was no pretense of any conversion of the property by the appellant, other than by the mere execution of the writ.

The appellee relies also upon the alleged fact that the sheriff took an insufficient replevin bond and is therefore liable in trespass, and the court so instructed the jury. That there is a *dictum* in Morse v. Hodson, 5 Mass. 314, and decisions in Morris v. Van Voast, 19 Wend. 283; Milliken v. Selye, 6 Hill. 623, and Whitney v. Jenkinson, 3 Wis. 363 (side page 407), to that effect is not to be denied; but there is no hint that such an action was ever thought of in the country from which we derive our common law. There the action has always been in case against the sheriff for taking insufficient sureties.

Here it may be case, or upon the official bond of the sheriff; Sec. 12, Ch. 119, R. S.; and the latter remedy was pursued in People v. Core, 85 Ill. 248.

Perhaps there is no difference in legal effect between the statute of this State and those under which the Massachusetts and New York decisions were made, and upon which the Wisconsin one was avowedly based; but there is such a difference in words that it may well be argued that the legal effect is different.

In Massachusetts the statute directed that the form of the writ should be to replevy upon condition that the plaintiff give bond, and in New York the statute forbid the execution of the writ unless the bond was given.

Here the statute is that before the writ is executed, the plaintiff shall give bond, but does not in terms require the sheriff to take the bond, and makes him liable "in an action on the case" for failure to take and return the bond.

In terms providing for an action on the case, upon the familiar rule that the mention of one thing excludes another, restricts the remedy. It is not probable that Judge Lawrence, in Petrie v. Fisher, 43 Ill. 442, had in mind the question that is before us, but his words indicate what is the first thought of a lawyer as to the remedy for neglect by the sheriff to take a replevin bond. On the whole it is our judgment that the action of trespass for taking the goods does not lie, though, under the statute, Sec. 22, Practice, the action under Sec. 12 of the Replevin Act, might be called trespass.

The appellee moved that the bill of exceptions be stricken out and the appeal dismissed upon the authority of several cases, most of them decided by this court, which are all wrong. Railway Conductors, etc., v. Leonard. 166 Ill. 154.

The motion is therefore denied.

The appellant asked a variety of instructions, the effect of which was to find a verdict in his favor. For the error of refusing all of them, the judgment is reversed without remanding.