## Charles W. Gelino et al., Appellants, v. Fred O. Swannell et al., Appellees.

### Gen. No. 8,326.

236

Opinion filed October 20, 1931.

A. L. and C. M. GRANGER and GOWER, GRAY & GOWER, for appellants.

HUNTER & MINOR, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from the circuit court of Kankakee county. The bill filed by the complainants averred in substance that Fred O. Swannell et al. were the owners of certain real estate in the City of Kankakee, on which there was located a three-story building; that on February 3, 1913, the appellees rented the premises to the appellants for a term of 20 years; that the lease gave the appellants the privilege of an extension of 10 years; that the premises were to be used as a department store.

The bill further alleges that the appellants entered into possession of the premises under their lease and spent more than $40,000 in improving the property; that they conducted a department store as provided in the lease until July, 1927; that they paid the rentals and fully complied with the terms of the lease. The lease contained a clause prohibiting the lessees from subletting or assigning the lease without the consent of the appellees, with a proviso as follows: "the lessee will have the privilege of subletting or assigning the lease for the conduct of the same or a similar line of business, provided the lessors are assured of the responsibility and character of the assignee and that the lessors will be reimbursed by the lessee for any additional charges for insurance during the life of the lease, caused by such subletting or assignment of the lease to others."

For the purpose of carrying on their business the appellants in June, 1927, caused to be incorporated "Gelinos Incorporated." The appellants were the principal owners of the new corporation, and with the

knowledge and consent in writing of the appellees the appellants sublet the premises to the Gelinos Incorporated at an increased annual rental of $5,000. The corporation entered into possession of the premises and fulfilled all obligations of the lease. The appellants continued to pay the rentals to the appellees, who accepted and retained them until November 15, 1928. On that date the building was partially destroyed by fire which damaged the merchandise and rendered untenable a large portion of the building.

The lease provided that the lessors maintain insurance against fire for 80 per cent of the value of the buildings, the proceeds in the event of loss to be available to the lessors for the restoration of the premises to the condition pertaining before, and if the restoration extend beyond 30 days, as a consequence, any portion of the premises be not available for use by the tenant, a proper abatement of the rent to be made to the lessee for such excess of the time over 30 days for the portion of the premises untenantable. The purpose and meaning of this clause, the bill averred, was to keep the premises insured for appellants' benefit and to make the appellees trustees of the proceeds of the insurance to apply the same to the restoration of the building.

The bill further alleges that the appellants conducted a department store for a great number of years and had spent large amounts in advertising and by reason thereof had acquired a valuable good will which would be lost to them if their business was discontinued. The appellants, therefore, immediately after the fire called upon the appellees and urged them to make available the insurance money as early as possible. They relied upon the appellees to do so, and spent large sums in cleaning up the premises, and making temporary repairs so they could continue the business.

The bill alleges that the appellees did not make available the insurance money within a reasonable time, but in pursuance of a conspiracy to deprive the appellants of their then valuable lease, engaged in a pretended controversy with the insurers of the building relative to the compromise of the insurance; that this controversy continued for 10½ months before the matter was adjusted and before the appellees commenced to restore the building. Upon information and belief the appellants charged the appellees with negotiating with strangers to lease the premises; that despite the large expenditure by the appellants for temporary repairs the premises were inadequate and unfit to be occupied for business purposes during the 10 months' period, and were not more than 30 per cent tenantable during that time; that as a result thereof the Gelino Company suffered large losses and was finally thrown into bankruptcy; that by reason thereof the appellants lost their entire investment as well as the $5,000 per year additional rent; that the sublease was at once forfeited to the appellants and the appellants re-entered the premises under its terms.

The appellants further averred that the company's losses during the 10½ months' period were so heavy that appellants realized that the business could not continue, and in an effort to save the business, the appellants sought to dispose of their lease to others. As a result McLelland Stores Company, Lock & Kuehl, W. T. Grant Co. Stores, all averred to be responsible firms, and all of good character and engaged in the same or similar lines of business as appellants had been engaged when the lease was made, made offers for the premises. The bill averred that one of these parties had guaranteed a minimum annual rental equal to the rents reserved in the original lease with a percentage of the gross profits added. The others guaranteed a minimum rent in excess of the rent reserved in the original lease.

The appellants, having accepted certain of the proposals made subject to appellees' consent, communicated them to appellees and assured them of the responsibility and character of the offerors, but appellees notwithstanding refused their consent to the occupancy of the premises by any of these persons, giving as their reason that they had the right to deny occupancy to chain stores or to persons whom they classed as objectionable because of their nationality. Ten and one-half months after the fire the work of restoration was begun, but the appellants did not expend all of the insurance money to restore the building. As a result the building was not reconstructed as before the fire and was not suitable for the purpose of the lease and in numerous stated particulars, was inadequate and untenantable for the purposes for which it was leased. All this diminished the rental value at least $100 per month, by reason whereof it was alleged the rental should under the terms of the lease be abated. The parties were unable to agree on a proper abatement of the rent.

The bill further alleges that on February 3, 1930, while the appellants were in possession of the premises the appellees forcibly re-entered the same and expelled the appellants therefrom, claiming a forfeiture of the lease because of nonpayment of $1,672.78, which they claimed was additional rent for the period of partial occupancy of the building. The bill averred that the appellants had performed all of their undertakings in full compliance with the terms of their lease, and aver a willingness "to do, perform, or pay to the appellees whatever the court may order in equity and good conscience" under the circumstances.

The appellee prayed for general and specific relief. The defendants filed a general demurrer to the bill, which was sustained by the court and dismissed the bill for want of equity. The original complainants bring the case to this court on appeal for review.

We are of the opinion that the bill states a good cause of action. It asks for a court of equity to determine what, under the circumstances, would be an adequate rental on the premises during the time that the building was partially untenantable on account of the fire. The general demurrer admits the facts well pleaded and taking the allegation of the bill to be true, the complainants are entitled to an adjustment of the rent. We do not see how a court of law could give adequate relief to the complainants in this matter. The allegations of the bill show an effort on the part of the owners of the premises to prevent the lessee from complying with the terms of their lease, and to compel a forfeiture thereof. Under the lease the appellants have a right to an additional 10 years' occupancy of the premises and the bill alleges a number of distinct matters which entitle the appellants to a specific performance of the lease.

The insurance clause which was inserted in the lease was for the sole benefit of the appellants. The only interest that they could have in this insurance money would be to have the owners of the premises restore the building to its condition previous to the fire. They had the right to demand that this, or as much as was necessary of the fund derived from the insurance be used to rebuild the building. They had no right or title to the money, but they did have the right to compel its use in the repair work. If the owners were to put the building in as good condition as it was prior to the fire, the appellant had a right to an accounting of the proceeds of the insurance. If not expended for that purpose they could compel the owners to use as much of the insurance as was necessary to fully restore the building. The bill alleges that the building was not fully restored, and all of the insurance money was not used for that purpose. We think that the bill stated a good cause of action, and the appellants entitled to equitable relief under this charge in the bill.

It is charged in the bill that appellants notified the appellees that they had procured subtenants who were engaged in the same kind of business as the appellants had conducted at the time of the signing of the original lease, and that said subtenants were financially reliable; but, that the appellees refused to give their permission to the assignment of the lease for the reason that they were opposed to the nationality of the parties, and that they were opposed to chain stores. It is argued by the appellees that this does not state a cause of action; that it is a conclusion of the pleader, and does not state facts, but should state more facts about their business, financial standing, etc., so that the appellees could judge of the responsibility of the proposed subtenants. We are of the opinion that the facts as stated are sufficient to fully apprise the appellees of the charge in the bill and are not the conclusions of the pleader.

The bill charges specific grounds on which the appellees refuse to permit the assignment, and they cannot, on a general demurrer to the bill, be heard to say that this is not the reason that they refused to consent to the assignment of the lease. (*Alexander v. Boyle,* 68 Ill. App. 139, 140; *Udell v. Slocum,* 56 Ill. App. 216, 220.) Under the terms of the lease the owners of the premises had no right to refuse to permit an assignment of the lease or the subletting of the property to anyone on purely racial grounds, or their dislike to a particular method of conducting a business, unless they were not of good moral character, or were not conducting a business similar to that of the appellants, or were not financially responsible.

We are of the opinion that this bill states facts sufficient to give a court of chancery jurisdiction in this case, and having been acquired it has the power to and will adjust all the legal and equitable differences between the parties growing out of the subject matter. (*Thomas v. Thomas,* 250 Ill. 354; *McIntyre v. McIn-*

*tyre,* 287 Ill. 544.) It is our opinion that the chancellor erred in sustaining the demurrer to the bill, but should have overruled it and required the owner to answer the same.

The case is hereby reversed and remanded to the circuit court of Kankakee county with directions to overrule the demurrer, and to enter a rule on the defendants to answer the bill.

*Reversed and remanded with directions.*