## Henry Milhahn, Appellant, v. Arthur Sapp, Appellee.

### Gen. No. 9,645.

Opinion filed May 26, 1949. Rehearing denied July 7, 1949. Released for publication July 7, 1949.

J. W. TEMPLEMAN, of Springfield, for appellant.

CHARLES J. GEHLBACH and ARTHUR S. WILSON, both of Lincoln, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an action in replevin brought under ch. 119, par. 1 *et seq.* Ill. Rev. Stat. [Jones Ill. Stats Ann. 109.499 *et seq.*].. The case involves an appeal from a judgment entered against the plaintiff appellant, Henry Milhahn, in favor of the defendant appellee, Arthur Sapp, by the circuit court of Logan county. The parties will be referred to hereinafter as plaintiff and defendant.

The essentially simple facts are confused somewhat by the complex relationships of the parties. Fred Milhahn is the son of Henry Milhahn, plaintiff. In 1923, Henry Milhahn bought an Advance Rumley steam engine used to run farm machinery. This will be re-

ferred to as Engine No. 1. In 1932, his son, Fred Milhahn bought another engine of the same make, which will be called Engine No. 2. Fred had bought Engine No. 1 from his father about 1930 and had sold the same engine back to his father, Henry, in about 1936 or 1937. In 1938, Fred executed a chattel mortgage assertedly on Engine No. 2 to Koert Bartman, Sr. There is a dispute about which engine was in fact mortgaged, No. 1 or No. 2. At the time the mortgage was executed both engines were in the same shed on the Milhahn place. Engine No. 2 has since been disposed of by Fred Milhahn and the controversy arose over the adverse claim to Engine No. 1.

The defendant, Arthur Sapp, is the son of Oscar Sapp, who is in turn the tenant of Koert Bartman, Jr. Bartman, Jr. directed Oscar Sapp, his tenant, to get the engine covered by the mortgage. Sapp took his son, Arthur, the defendant, and another person with him and the three of them took an Advance Rumley engine and pulled it to the farm owned by Bartman, Jr., on which Oscar Sapp was tenant. The son had no interest in his father's tenancy.

Bartman, Jr. is the son and administrator of Bartman, Sr., the mortgagee of one of the machines. Bartman, Sr. died in January of 1948 and the allegedly unsatisfied notes and mortgages were found among his effects.

Plaintiff Henry Milhahn swore out a writ of replevin against Arthur Sapp, posted bond, and recovered back the possession of an Advance Rumley steam engine. Neither Bartman, Jr., nor Oscar Sapp were ever made parties to this action. The police magistrate held for the plaintiff. That decision was reversed by the circuit court of Logan county sitting without a jury. This appeal results.

Proof was received upon many issues at the trial, and though counsel urge many points in briefs and

arguments, it is the view of this court that one issue—
whether or not Arthur Sapp was a proper party de-
fendant—must control this decision.

The trial judge could have properly found
from the evidence that the defendant took part in the
taking of the machine with his father and a third man.
There was likewise evidence from which the trial judge
could have found that the defendant at no time claimed
an interest or right to take the machine personally, but
that defendant assisted in the taking of the machine
solely as a servant of his father, Oscar Sapp, who was,
in turn, the agent of Bartman, Jr. By the strict terms
of the statute a wrongful taking, alone, is sufficient to
ground an action of replevin against a proper defend-
ant. The statutory language is in the alternative
phrasing of par. 1 of ch. 119, Ill. Rev. Stat., as follows:

"That whenever any goods or chattels shall have been
wrongfully distrained, or otherwise wrongfully taken
or shall be wrongfully detained, an action of replevin
may be brought . . . ."

As to the *taking* by the defendant as a servant, the
same rule should apply as in the case of a defendant
*holding* property as a servant. As a general rule,
replevin will not lie against a servant for property in
his actual possession belonging to his master, but which
the former holds merely as a servant. *Alexander v.
Boyle,* 68 Ill. App. 139. A holding that taking by and
as a servant is not the taking to which the statute re-
fers, would, moreover, contribute to the symmetry of
the law for it is unquestioned that a mere agent, serv-
ant or custodian cannot maintain replevin in his own
name. *Pease v. Ditto,* 189 Ill. 456; *Fullerton v. Morse,*
162 Ill. 43. At the time of taking, the defendant, in
addition, never claimed the engine in question as his
own, nor has he asserted that he took it in his own
right so as to estop him from denying that he took the

property as an individual and not as a servant. *Alexander v. Boyle, supra.*

Insofar as it may be thought that the defendant had possession of the machine at the time of taking, even though he took only as a servant, and in the presence of his master, and then transferred it to his father and master, there is no evidence that plaintiff was misled to his injury by the defendant, for the transfer took place before demand was made on the defendant. (*Udell v. Slocum,* 56 Ill. App. 216.)

██ Further, there was evidence that the defendant relinquished any possession he may have acquired by the taking to his father immediately after the taking and did so in good faith. Where the defendant has in good faith parted with the possession of the property, the mere fact that he once had had possession thereof is not sufficient to ground the action of replevin. *DeLore v. Smith,* 67 Ore. 304, 132 Pac. 521; 46 Am. Jur. 22; Anno. 18 L. R. A. (N. S.) 1265. Nor does replevin lie against one not in possession at the time the action is brought. *Bishop v. American Preservers' Co.,* 157 Ill. 284.

██ Replevin lies only against a person from whose possession the sheriff can take the property and to whose possession it can be returned. *Blatchford v. Boyden,* 122 Ill. 657; *Richardson v. Cassidy,* 63 Ill. App. 482; *Gilbert v. Buffalo Bill's Wild West Co.,* 70 Ill. App. 326; 46 Am. Jur. 21.

██ Since the defendant took only as a servant of a person not a party defendant to this suit and never asserted any right to take the machine in himself, since the defendant relinquished whatever possessory interest he may have acquired by the fact of taking as a servant to his master in good faith, prior to the commencement of this action, and since there is evidence that at no time since the original taking did defendant ever have any possession, actual or constructive, of

the machine, replevin would not lie against him. He did not take in his own right but in that of his father, under the father's personal direction and control and in his father's presence. Since that time he has asserted no dominion over the property. What defendant did not have at the time suit was begun or afterward he could not be forced to deliver up or pay damages, and replevin would not lie against him.

It is also held that the form of the judgment of the court below was correct. The trial court saw and heard the witnesses. The court found that the plaintiff was not entitled to the possession of the property in question. There was evidence from which the court has so found and since this finding was not against the manifest weight of the evidence nor manifestly wrong, it will not be reversed upon appeal. *Hubele v. Baldwin,* 332 Ill. App. 330. The verdict of the court that the defendant was not guilty of unlawfully taking and withholding the same, has been discussed above. Since the substance of the defendant's position was that he had never taken or detained the plaintiff's property and since the defendant never asserted any right thereto, a judgment that the property be returned to the defendant would have been incorrect. *Anderson v. Talcott,* 6 Ill. 365. That portion of the judgment that defendant recover his costs of plaintiff was correct. Ch. 33, par. 20, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 107.057]. Since the court also found that plaintiff has not proved his own right to possession, it could not leave the property in plaintiff's hands as would have been the case had the pleadings and verdict been only that the defendant never took or detained the property. *Richardson v. Cassidy, supra,* and cases cited. The plaintiff must recover on the strength of his own title or right to immediate possession and not on the weakness of the defendant's right. *Forgan v. Gordon Motor Finance Co.,* 350 Ill. 445. The only alternative was to order the issuance

of a writ of *retorno habendo* to return the property to the place from which it was replevied, a judgment which is correct, inasmuch as it gives to the defendant no property he has not claimed, while at the same time it leaves the plaintiff free to protect his rights, as to which this court expresses no opinion, against those persons, if any, who may be unlawfully detaining the property at the place from which plaintiff replevied it in this suit. There being no other error in the proceedings, the judgment of the circuit court of Logan county is hereby affirmed.

*Affirmed.*