## NICHOLS, SHEPARD & CO.
### v.
### JAMES GOODHEART ET AL.

1. EXEMPTION FROM CIVIL PROCESS.—Civil suits may be prosecuted against a person brought into this State on a criminal process, where the creditor bringing the suit has nothing to do, directly or indirectly, with bringing such debtor within the jurisdiction of the court.

2. MONEY IN BANK NOT EXEMPT.—Money deposited in a bank cannot, under the present statute, be claimed by a debtor as exempt from attachment or garnishment.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed January 30, 1880.

Mr. R. OSBORN, for appellants.

Mr. NEWTON B. REED, for appellees; that a person cannot be brought by force into the jurisdiction of a court on a criminal charge, and be amenable to its process in a civil case, cited Parker v. Hotchkiss, 1 Wall. Jr. 269; United States v. Bridgman, 12 Chicago Legal News, 133; Wanzer v. Bright, 52 Ill. 35; Pierson v. Grier, 66 N. Y. 124.

Money in the custody of the law is not subject to garnishment: Triebel v. Colburn, 64 Ill. 376.

Appellant acquired no lien upon the money by service of garnishee summons: Bigelow v. Andrus, 31 Ill. 330; Pollock v. Slack, 2 Ill. Lyn. Rep. 243.

A non-resident is entitled to the same exemptions as a resident: Mineral Point R. R. Co. v. Barron, 83 Ill. 365.

Nichols, Shepard & Co. v. Goodheart.

An error that does not prejudice is no ground for a reversal: Clark v. Marfield, 77 Ill. 258; Cromine v. Thorp, 42 Ill. 120.

Davis, P. J. This was a bill of interpleader filed by James Goodheart against appellants and other claimants to determine to whom should be paid $119 then in his hands, and for an injunction to stay proceedings against him until the question should be settled.

John C. Sharp was arrested in Ohio, upon a requisition of the governor of this State upon the Governor of Ohio, and turned over to James Goodheart as messenger. The money in controversy was taken from Sharp by the officer who arrested him in Ohio, and by him turned over to Goodheart, who receipted for it. Sharp was brought by Goodheart from Ohio to McLean county and there delivered to the sheriff, in pursuance of the requisition. After the delivery of Sharp to the sheriff, and while the money was still in the possession of Goodheart, a writ of attachment in favor of appellants against Sharp was served upon the latter by reading the same to him through the bars of the jail. When the attachment was commenced, Sharp was not in the State of Illinois, and it is stipulated by the parties, that appellants, nor their agents or attorneys, directly or indirectly, had no part in causing Sharp's arrest, or bringing him to this State.

The writ of attachment was issued by a justice of the peace on January 31, 1879, returnable February 5, and returned February 1, 1879, served upon Sharp, and on James Goodheart as garnishee. On February 5, 1879, a judgment was rendered in the attachment suit in favor of appellants against Sharp for $194.97, and summons issued for Goodheart as garnishee, returnable February 10, 1879, when Goodheart answered that he had in his hands, when served with garnishee process, $119 that had been taken from Sharp. Before the beginning of the trial in the attachment case, Sharp made a motion in writing to dismiss the suit because Goodheart was an officer of the law and held said money as agent of the Governor of the State of Illinois. Goodheart was served as garnishee in the attach-

ment suit on February 1, 1879, the morning he reached here with Sharp on his way from the jail to his house. He put the money he received from Sharp in the bank. In the record appears a schedule of property claimed by Sharp. Money in hands of clerk $119, and clothing $16. Affidavit of Sharp to the same; that he is the head of a family and resides with the same, subscribed, and sworn to February 10, 1879.

On February 5, 1879, a judgment was confessed by Sharp before a different justice of the peace, in favor of Newton B. Reed and W. C. P. Remine for $200. On the same day, an execution was sworn out and returned "no property found," and garnishee process was issued and served upon Goodheart, February 10, 1879, returnable on same day, on which he answered he held $119 belonging to Sharp. Appellants appeared also, and claimed the money. Sharp gave an order on the clerk of the court to pay the money to Reed and Remine.

On the hearing of the court below, it was agreed that the rights of the several parties should be determined at one hearing, and on that hearing the court decreed that the complainant, Goodheart, be dismissed without delay; that the defendants Nichols, Shephard & Co., Newton B. Reed, and W. C. P. Remine, be perpetually enjoined from further prosecuting the proceedings in garnishment against Goodheart. That the money deposited in the hands of the clerk of the court by Goodheart be disposed of, as follows: The clerk to retain a sufficient sum to cover the costs of the proceeding in that court, then to pay the residue to Reed and Remine, etc., etc. From this decree appellants bring the case here by appeal.

It is claimed by appellees, Reed and Remine, that the proceedings in the attachment suit of appellants against Sharp were void, on the ground that a person cannot be brought by force into the jurisdiction of a court on a criminal charge and be amenable to its process in a civil case. This is undoubtedly the law where the debtor is fraudulently induced by the creditor to come within the jurisdiction of the court, so that he may be served or arrested under civil process, as in the case of Wanser v. Bright, 52 Ill. 35, and similar cases. But the law permits civil suits to be commenced and prosecuted against

persons who may be brought unwillingly into this State, where the creditor has nothing to do, directly or indirectly, with bringing such debtor within the jurisdiction of the court. The case of Williams v. Bacon, 10 Wendell, 636, is directly in point. The defendant, charged with having obtained goods by false pretenses, was arrested as a fugitive from justice in the State of Massachusetts, by virtue of a precept of the Governor of that State, upon the requisition of the Governor of New York, and brought to the State of New York and tried and acquitted. While in custody, he was arrested on a *capias ad respondendum*, in an action founded upon contract, and on motion to set aside the *capias* and the arrest under it, Nelson, J., in rendering the decision of the court, said: " The defendant is not within the rule privileging suitors and witnesses from arrest whilst going to, attending at, or returning from court; for if so, the rule allowing criminals in custody to be charged in civil actions in the usual way would not have been established, for the privilege would have been an answer to the suit. It would be unjust and unreasonable to extend this privilege to cases of this kind; for it must continue, if it exist at all, during the whole period of the criminal custody; it might and would lead to great abuse. There is no pretense that the criminal proceeding in this case was a mere pretext to bring the defendant within the jurisdiction of the court for the purpose of proceeding against him *civiliter*." In the case now before us it is stipulated that appellants had no part, directly or indirectly, themselves or their agents or attorneys, in causing the arrest of Sharp or bringing him to this State. We must therefore hold that the attachment proceedings of appellants against Sharp were valid.

Appellees also claim that their garnishee proceeding entitles them to the money, because Sharp, in the proceeding of appellants, claimed the money as exempt under the statute, and gave them an order on the clerk for the same. If the claim of exemption was presented at the proper time and to the proper person, and with a schedule, as required by law, which we doubt, it will not avail appellees. In Fanning v. The First National Bank of Jacksonville, 76 Ill. 53, it was held that money de-

posited in bank by the debtor might be claimed as exempt under the $100 clause of the statute, and could not be reached in the hands of a garnishee. But that decision was made under a statute with provisions very different from the one now in force. Since that decision, the act in force July 1, 1877, was passed, which provides that the "selection and exemption shall not be made by the debtor or allowed to him, or her, from any money, salary or wages due him, or her, from any person or persons or corporation whatever." The money in controversy received by Goodheart from the officer in Ohio, which had been taken from Sharp, was deposited by Goodheart in bank and its identity lost, and thereafter the amount of money so deposited was due from the bank to Goodheart and from Goodheart to Sharp. This money so due, by the express terms of the statute, could not be selected or allowed to Sharp as exempt.

Appellees also contend that appellants have no prior lien upon the fund by reason of the service of the garnishee summons or attachment of appellants being first in point of time. It appears the first garnishee process served upon Goodheart was that of appellants on February 1, 1879; while that of appellees was not served until February 10, 1879. The money in the hands of Goodheart was bound from the time of the first service of a garnishee process upon him.

If all garnishee proceedings had not been suspended before both magistrates by the injunction issued in this case, appellants would have been entitled to a judgment against Goodheart in his attachment suit for the amount of money due by him to Sharp on February 1, 1879; and to discharge that judgment the money in Goodheart's hands could and should be applied, leaving nothing in his hands which the garnishee of appellees, subsequently served, could reach. The rights of the parties in this case must be determined as they were when the injunction was issued. Appellants were then entitled to the money in controversy, and the court below erred in decreeing otherwise. The decree must be reversed.

Decree reversed and cause remanded.