FRED W. BRUMMEL *et al.* Appellees, *vs.* JACOB GLOS, Appellant.

*Opinion filed October 24, 1916.*

1. APPEALS AND ERRORS—*only the party prejudiced can complain of erroneous findings.* On appeal only the party prejudiced will be heard to complain of erroneous findings; and this doctrine is as applicable to statutory proceedings as to common law actions.

2. REGISTRATION OF TITLE—*what interest is not required to be noted under section 9 of the Torrens act.* One who has an interest in the proceeds of the sale of the land after it has been registered has not such an interest as is required to be noted under section · 9 of the Torrens act, and when his testimony before the examiner shows his interest to be only in the proceeds he need not be made a party to the action.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

ENOCH J. PRICE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees filed an application in the circuit court of Cook county October 19, 1915, to register their title to two lots in Cook county under the Torrens act. The examiner of titles found that they were the owners in fee simple of the premises and entitled to have the title registered under the act. The circuit court approved the examiner's report

and directed the registration of the title in fee simple in appellees by the registrar of titles. This appeal followed.

The application alleged that appellees were the owners of said lots as joint tenants and that no other person had or claimed any estate or interest therein except Jacob Glos, whose claim was based on certain tax deeds. Glos answered, denying that appellees were the owners. The report of the examiner found that Glos' tax deeds were void and recommended that they be set aside and that he be reimbursed for the same, as required by law.

Numerous errors are assigned, but the only one urged here is that the evidence does not show a valid fee simple title in appellees at the time the application was filed.

Edwin G. Rellihen testified for appellees before the examiner. On cross-examination he was asked if he had any interest in the proceeds of the property after it was registered and sold, and he answered that he expected to participate in such proceeds; that he had an arrangement with appellees in writing, which was not recorded, assuring him of such interest. Rellihen was not a party to the action. Counsel for appellant argue that it was the duty of the examiner, upon learning of this interest, to require that Rellihen be made a party; that he would be entitled to enforce his rights, and that the title was therefore, under our decisions, not good as against the world. (*Glos* v. *Kingman & Co.* 207 Ill. 26; *Glos* v. *Holberg,* 220 id. 167; *Glos* v. *Wheeler,* 229 id. 272.) Even if it be conceded that Rellihen's interest was a charge upon the land so that it should be noted on the certificate of title, as provided by section 9 of the Torrens act, it was, without question, an interest less than the fee, such as a "mortgage, lien or charge," and Rellihen was the only one that could be prejudiced by the ruling of the court on this question. It is fundamental that on appeal only the party prejudiced will be heard to complain of erroneous rulings, and this doctrine is as applicable to statutory proceedings as to common law actions.

(*O'Laughlin* v. *Covell,* 222 Ill. 162; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Public Utilities Com.* 267 id. 544.) But Rellihen's interest was not an interest of the kind which section 9, above referred to, required to be noted, such as a "mortgage, lien or charge." (Hurd's Stat. 1916, p. 609.) Under his contract his interest was not such as would give him any claim or interest in the fee title in these lots, which it is conceded the record shows to stand in appellees. (*Nicoll* v. *Mason,* 49 Ill. 358; *Morrill* v. *Colehour,* 82 id. 618; *MacDonald* v. *Dexter,* 234 id. 517.) The contract was not introduced in evidence, and, according to the testimony of Rellihen himself, it only gave him an interest in the proceeds of the sale. His interest was not one in the land itself.

The decree of the circuit court will be affirmed.

*Decree affirmed.*