## I. N. R. Beatty et al., trading as I. N. R. Beatty Lumber Company, Appellees, v. James P. Monahan and Edward Monahan, trading as Monahan Bros. James P. Monahan, Appellant.

### Gen. No. 7,502.

PARTIES—*immunity from service of process while in attendance upon trial.* Service of civil process is insufficient to confer jurisdiction when the person served not a resident of the jurisdiction wherein such service is had, and is within the jurisdiction, at the time of such service, for the purpose of attending the trial of a civil suit pending therein, in which he is a party defendant.

Appeal by defendant from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1925. Reversed and remanded with directions. Opinion filed April 5, 1926.

J. W. DOWNEY and SAMUEL B. KING, for appellant.

HAYES, MUNTS & YOUNG, for appellees.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Appellees, copartners, doing business under the firm name of I. N. R. Beatty Lumber Company, began an action of assumpsit in the circuit court of Will county against Edward Monahan and the appellant, James P. Monahan, residents of Cook county and copartners doing business under the firm name of Monahan Bros. Appellant was served with process in Will county; no service was had on Edward Monahan. Various pleas hereinafter mentioned were filed by appellant, James P. Monahan. A trial by jury was had and a directed verdict against appellant for $244.49 was returned. Judgment was entered upon such verdict and the cause is brought to this court on appeal.

The suit was instituted by præcipe. Before the declaration was filed appellant filed two sworn pleas chal-

lenging the jurisdiction of the court. The first plea averred that both defendants were and are residents of Cook county, and that Edward Monahan was not found or served with process in Will county or in any other county. A demurrer to this plea was properly sustained under *Sherburne v. Hyde,* 185 Ill. 580. The second plea averred that appellant was a nonresident of Will county; that Edward Monahan was not found in Will county and that the alleged service of process upon appellant was had upon him while he was in attendance upon the trial of a chancery cause then being heard in the circuit court of Will county in which he was a defendant, and regularly served with process therein; that while he was so in attendance upon said trial in the court room in Will county and during the progress of said trial, and while the judge of said court was upon the bench hearing said chancery cause, a deputy sheriff of Will county served the summons in this case upon him and that no other writ of summons in this cause has even been served upon him. The plea further averred that appellant was in said county of Will for no other purpose than to attend upon the trial of said chancery cause and had no occasion or reason to be there other than as a party defendant to said cause. A demurrer to this plea was also sustained by the court. Appellant has assigned error as to the rulings of the court upon the demurrers as well as upon certain other matters.

Preliminary to a discussion of the second plea, we are required to dispose of a contention made by appellees, in which they say that appellant waived the said plea by filing a general entry of appearance prior to the day when the demurrer was sustained. This contention grows out of an error of the clerk of the circuit court in placing the file mark on the entry of appearance. The clerk erroneously dated the filing November 1, 1920, instead of the day the entry was ac-

tually filed, to wit, December 1, 1920. The demurrers were sustained November 30, 1920. Since the abstract and briefs in this case were filed in this court, a diminution of record was suggested and the above-mentioned error has been corrected in the record. Consequently there is no longer any ground left to justify a contention of waiver.

Because of our views concerning the sufficiency of the second plea it is unnecessary for us to discuss any of the other errors assigned. The question raised by this plea is simply this: Is a nonresident suitor exempt from service of civil process while in attendance upon a trial of his cause in the county where such suit is pending and when he is there only for the purposes of his suit? While this question has been often decided by the federal courts and also by the courts of last resort of nearly every state in the union, the Supreme Court of Illinois, in our opinion, has never been called upon to pass directly upon it. Several cases have been before that court which involved related matters but not the precise question, and we will briefly refer to them. But the Appellate Court of the Third District, in *Gregg v. Sumner*, 21 Ill. App. 110, has passed upon that question and held that it is an established and well-settled principle that nonresident suitors are privileged from service of legal process in civil actions while attending upon the trial of a cause in a court. In none of the cases before the Supreme Court did the plea aver that the defendant claimed an exemption because he was in attendance upon a court in a civil cause as a suitor; but the averments showed that the defendant was either (1) not before a judicial tribunal but before a commissioner or notary public taking depositions and under circumstances which did not compel his attendance, or (2) voluntarily in said county and not as a suitor, or (3) held upon a criminal process.

Thus in *Greer v. Young*, 120 Ill. 184, the court held that a citizen of Missouri who came into this State for

the purpose of taking depositions in Chicago to be used in a suit in Missouri was not exempt from the service of civil process. The opinion contains some language intended to distinguish between cases where the suitor was served by summons and cases where he was placed under civil arrest. Yet the opinion of the court is not grounded upon any such distinction but upon the fact that the defendant had voluntarily appeared before a commissioner to take depositions and was not in attendance as a party or witness in any matter pending before a court or before any lawful tribunal having jurisdiction of the cause. It is clear that a commissioner in Chicago cannot compel one residing in Missouri to appear before him, and the court held that the whole proceedings before the notary were purely ministerial and therefore do not fall within the category of any of the tribunals contemplated by the rule relating to exemptions from civil process. The decision also rested on the holding of the court that the question was improperly raised upon affidavit instead of by a plea in abatement.

In *Cassem v. Galvin*, 158 Ill. 30, the defendant had gone to another county voluntarily to take depositions before a notary public and was not before a court.

In *McNab v. Bennett*, 66 Ill. 158, it is said that if a man voluntarily leaves his residence or goes into another county or, if seized, when properly charged with crime and taken into another county he would not be exempt from the service of civil process. But if his arrest was caused by false and fraudulent pretense or by abduction for the sole purpose of obtaining service in a civil proceeding, it would be a base and utter perversion of the object of the law to permit him to be served with civil process while there, and it was declared that if such a thing were allowed, the statute would be no protection against the machinations of bad men who are willing to prostitute their oaths for selfish purposes and that under such a state of facts the de-

fendant was not found in the county but was entrapped there.

And again in *Willard v. Zehr,* 215 Ill. 148, a resident of Jasper county, Missouri, was brought into Tazewell county, Illinois, under arrest on a criminal charge. While in the latter county he was served with civil process. A plea in abatement was filed and the court in substance held that if the plea had set up facts showing that the indictment was wrongfully, fraudulently and deceitfully procured, it would have been a good plea, but that the plea was defective because it contained inferences and conclusions of the pleader and not the facts upon which such conclusions were based.

We have reviewed all of the cases which are cited upon this question by appellees in their briefs and it will be seen that none of them are predicated upon a situation such as is presented by the second plea in this case. The defendant in the suit at bar was not in Will county before a notary public taking depositions or before any ministerial officer without judicial power or even before a notary public acting under an order of court in taking depositions. He was before a court of equity in a controversy in which he was a party defendant. He was not voluntarily in Will county on business other than the trial of said cause. He was there in obedience to the mandate of a summons and in the defense of said suit; and lastly he was not brought into Will county by a criminal process. And so it appears that his situation is not similar to that which has been passed upon by the Supreme Court of this State in any of the above-mentioned cases. Immunity from civil process under the circumstances of this case has been declared to be the rule of the courts of so many States of this union that it can now be said to be one of almost universal application. From our examination of reported cases we have been able to find only three jurisdictions which

hold to a contrary rule, to wit, Missouri, Rhode Island and Nevada; and Missouri does so because of a statute.

On the other hand, the federal courts and the courts of last resort of the States of Arkansas, California, Delaware, Georgia, Indiana, Iowa, Kansas, Kentucky, Maryland Michigan, Minnesota, North Dakota, New Hampshire, New Jersey, New York, Nebraska, North Carolina, Ohio, Oklahoma, Pennsylvania, South Dakota, Tennessee, Texas and Wisconsin hold that a nonresident suitor is exempt from civil process. In the earlier cases in New York it was held that a nonresident party was exempt only from arrest on civil process and not from service of summons. (*Jenkins v. Smith,* 57 How. Pr. [N. Y.] 171; *Taft v. Hoppin,* Anthon N. P. [N. Y.] 187.) But later, starting with *Matthews v. Tufts,* 87 N. Y. 568, and followed in a number of more recent cases, it is held that a nonresident party is also exempt from service of summons. The court in the *Tufts* case held that the privilege is not confined to witnesses, but extends to parties as well.

In Connecticut the rule was also changed. The early case of *Bishop v. Vose,* 27 Conn. 1, held against the majority rule but in *Wilson Sewing Machine Co. v. Wilson,* 51 Conn. 595, it modified its holding, and declared that the exemption extended to suitors who had been served with civil process as well as to those who had been placed under civil arrest.

A very illuminating discussion is to be found in *Halsey v. Stewart,* 4 N. J. L. 366 (Southard), where it is held that a nonresident suitor, while necessarily going to, staying at or returning from the court, is equally privileged from the service of summons as of a *capias.* The opinion in this case was written in 1817 and the conclusion reached in it has been almost invariably followed by all other jurisdictions. But the rule is of even more ancient origin and is mentioned in the Year Books as early as Henry VI. (21 R. C. L.,

p. 1307; *Brooks v. State,* 3 Boyce (Del.) 1, 51 L. R. A. [N. S.] 1126.)

The courts of some states have made a distinction between parties plaintiff and parties defendant and have held that plaintiffs are not privileged while defendants are privileged. The distinction is based upon the theory that a plaintiff has gone voluntarily into another county or state to seek redress, while a defendant had nothing to do with selecting the forum and is compelled to follow the suit in his own defense. But this rule is a minority rule and we are not concerned with it at this time because appellant in this case was not a plaintiff but a defendant and was brought to Joliet through the process of the circuit court of Will county.

The basis of the majority rule is aptly stated in *Andrews v. Lembeck,* 46 Ohio St. 40, as follows: "The question is one which profoundly concerns the free and unhampered administration of justice in the courts, that suitors should feel free and safe at all times to attend, within any jurisdiction outside of their own, upon judicial proceedings in which they are concerned, and which require their presence, without incurring the liability of being picked up and held to answer some other adverse judicial proceedings against them, and is so far a rule of public policy that it has received almost universal recognition wherever the common law is known and administered."

As far as we are able to observe the text-writers are all in harmony upon this question. 32 Cyc. 492, contains the following: "Suitors and witnesses coming from foreign jurisdictions, for the sole purpose of attending court, whether under summons or subpœna or not, are usually held immune from service of civil process while engaged in such attendance and for a reasonable time in coming and going." See also 22 Amer. & Eng. Encyc. of Law, p. 164; 21 R. C. L., p. 1305. And this immunity is extended to parties and

witnesses in counties other than their own as well as to nonresidents of the State.   (21 R. C. L. 1312.)

Under the almost universal rule of decision, the second plea in this case was a sufficient plea and the trial court erred in sustaining a demurrer to it.  This cause is therefore reversed and remanded with directions to the trial court to set aside the judgment and also the order sustaining the demurrer to the second plea, to overrule said demurrer and to allow such further proceedings herein as may be consistent with this opinion.

*Judgment reversed and remanded with directions.*