220        APPELLATE COURTS OF ILLINOIS.

People ex rel. Jeske v. Burke, 247 Ill. App. 220.

## The People of the State of Illinois ex rel. Robert E. Jeske, Defendant in Error, v. William Burke, Plaintiff in Error.

### Gen. No. 31,626.

1. APPEAL AND ERROR—*presumption that evidence warrants findings in order.* On review of an order of commitment for contempt of court which recites that evidence was heard at the hearing of the cause, it will be presumed that the evidence was sufficient to warrant the findings contained in the order.

2. CONTEMPT—*acts of judge of election.* The acts of misconduct of a judge of election at the polls when taken collectively, together with the manner in which they were done, as found by an order of commitment for contempt, were sufficient to constitute a contempt of court, although the individual acts, in and of themselves, might not constitute a contempt.

3. SAVING QUESTIONS FOR REVIEW—*contempt proceedings against election officers jointly.* Any error of a court in proceeding against election officers jointly for contempt may not be considered where it appears that no objection was made to the proceeding at the time, that there was no motion for severance and that the proceeding may have been with the consent of the officer objecting on review.

4. CONTEMPT—*nature of election as subjecting judge of election to liability.* A special proposition on the question of the adoption of an ordinance for a comprehensive local transportation system need not be submitted to the voters at a general or special election in and for the entire city, and, therefore, submission of such question to the voters on a supplementary aldermanic election, as provided by Cahill's St. ch. 24, ¶ 302, was proper so that a judge of election was under the jurisdiction of the county court and liable for contempt for misconduct at the polls.

Error by defendant to the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Affirmed. Opinion filed January 18, 1928. Rehearing denied January 30, 1928.

JOHN F. TYRRELL and JOHN F. HIGGINS, for plaintiff in error; LOUIS GREENBERG, of counsel.

ROBERT E. CROWE, State's Attorney, for defendant in error; HENRY T. CHACE, JR., EDWARD E. WILSON and LEE LA ROCHELLE, Assistant State's Attorneys, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This matter comes to us on a record containing the pleadings and an order of the county court finding the plaintiff in error, defendant below, William Burke, guilty of contempt of court and ordering him committed to the custody of the sheriff. There is no bill of exceptions although it apears from the commitment order that evidence was heard at the hearing of the cause, and the order of the court appears to be based upon that testimony.

It follows, necessarily, that while an order of court adjudging a defendant guilty should be carefully scanned for the purpose of finding that the court had jurisdiction, and that there were allegations in the order, sufficiently clear upon which to predicate a finding of guilty; nevertheless, it is also true that this court will presume that the evidence heard was sufficient to warrant the findings contained in the order of commitment.

From the order it appears that the defendant below, together with certain other persons named in the order, were acting as judges and clerks of elections in the city of Chicago on an election held April 7, 1925, which election was known as a "Special Proposition Election"; that at this election a proposition was submitted which consisted of an ordinance submitted to the voters of the city of Chicago, providing for a comprehensive municipal local transportation system. The defendants in the commitment proceeding were acting as election officials in the sixteenth precinct of the forty-second ward in the city of Chicago, and the order finds that as such officials, at said election, they did

wrongfully receive votes twice in the names of regis-
tered voters in said precinct; and did wilfully keep a
false poll list and did knowingly insert in said poll
list false statements and names of persons who did not
appear in the polling place of said precinct; and did,
without urgent necessity, absent themselves from the
polls, and by reason of the acts aforesaid, were guilty
of misconduct and misbehavior as officers of the county
court of Cook county, Illinois.

It is contended on behalf of the plaintiff in error
that judges and clerks of election are authorized at
any time during the election to absent themselves from
the polls, and that, therefore, the order in this regard,
finding that they did absent themselves, does not indi-
cate anything done by them contrary to law; that the
clerks of election are the keepers of the poll books and
that the defendant below was a judge of election and
therefore should not be responsible for things done by
the clerks, in regard to keeping a false poll list and
inserting false statements and names on the books;
and that that part of the order finding that they had
received votes twice in the name of the same regis-
tered voter is not an offense unless the votes were de-
posited in the ballot box, and that, therefore, the order
in this regard was void and ineffective.

In regard to the contentions of the defendant below,
William Burke, as hereinabove stated, the fact is evi-
dently overlooked that this is a contempt proceeding
and that he is not charged with any particular offense,
but that his conduct while acting as a judge of election
was such that in the opinion of the county court it was
contumacious and in disrespect of that court and con-
sequently a contempt thereof. Moreover, the order
states not only that these things were done but that
they were done "wrongfully and wilfully" and charges
that the poll lists were false, and that the defendants,
which would necessarily include William Burke, in-
serted false names in said poll lists. The order fur-

ther finds that Burke, together with the other defendants, absented himself wilfully from the polling place at times when there were not sufficient officials remaining in said polling places to transact the business. In other words, the individual acts complained of, in and of themselves, might not constitute a contempt, but the acts taken collectively, together with the manner in which they were done, as found by the order, were sufficient to constitute a contempt. It is insisted that it was error for the county court to proceed against the defendants jointly, but there appears to have been no objection to the proceeding made at the time, nor does there appear in the record any motion for severance, and so far as this court knows, in the absence of a bill of exceptions, it may have been by and with the consent of defendant below, William Burke, and the court is therefore not impressed with that argument. The particular ground relied upon for reversal appears to be that the special proposition should have been submitted to the voters at a general or special election, in and for the entire city, and that, as a matter of fact, it was submitted at an election held on April 7, 1925, which was a supplementary election for the purpose of electing aldermen who had not received the required number of votes to qualify them as aldermen at the previous aldermanic election held in the city of Chicago.

Cahill's St. ch. 24, ¶ 302, p. 354, provides as follows:

"General elections for aldermen shall be held in the year or years fixed by law for holding the same, on the last Tuesday of February of such year. Any supplementary election for aldermen held under the provisions of this act shall be held on the first Tuesday of April next following the holding of such general aldermanic election. * * *"

We believe that this question is settled by the case of *People ex rel. Broomell v. Hoffman*, 322 Ill. 174. In that case the court had before it the identical order

of the county court which is now before us, and the plaintiff in error, Burke, was a respondent in the proceeding in the Supreme Court. From the statement of facts in that case it appears that an original petition for a writ of mandamus was filed in that court, alleging that the county court of Cook county, by an order entered September 15, 1925, found that a special proposition election was held in Chicago. on April 7, 1925, on the question of the adoption of an ordinance providing for a comprehensive municipal local transportation system; that Burke, plaintiff in error here, and the others named, served as judges and clerks of election; and the court then proceeds to set out the order fully and at considerable length. The petition for mandamus was directed against the sheriff of Cook county, commanding him to take into custody the plaintiff in error Burke, and charging that the sheriff had refused to execute the county court's order, finding him guilty and committing him to the custody of the sheriff. The respondent Burke joined in that proceeding in the Supreme Court in that cause, and specifically denied misconduct and misbehavior as charged in the order of commitment; averred that a judge of the county court had no power or authority to enter the rule because the City Election Act, Cahill's St. ch. 46, ¶ 240 *et seq.*, was unconstitutional, and denied that the county court had jurisdiction; and charged that by reason of the filing of their answer under oath, they were entitled to be discharged; and asked that the petition for leave to file the writ of mandamus be denied. The court in its opinion, after holding against the plaintiff in error, Burke, respondent in that proceeding, as to all contentions made by said respondent, held that the county court had jurisdiction; that the proposition submitted to the voters was authorized by law, and that the election officials who conducted the election at that

time and place were officers of the county court. In its opinion at pages 181–182 the Supreme Court says:

"The City Election act had been adopted by the city of Chicago and applied to the election under consideration, and the city council could not by the ordinance abrogate or supersede that act. No authority is vested in the council of any city under the City Election act to provide for the conduct of an election independently of that act, and it is to be presumed that the city council, as a public body discharging its duty, in submitting the ordinance for a local transportation system, merely sought to invoke, and not to contravene, the provisions of the City Election act. Moreover, by the adoption of the judges and clerks who conducted the aldermanic election on February 24, 1925, as the judges and clerks for the election of April 7, 1925, the city council did not make them its appointees. They had been appointed in accordance with and were acting under the provisions of the City Election act. Judges and clerks appointed under that act do not necessarily serve for a single election. Their term of office as fixed by section 10 of article 2 is one year, (Cahill's Sts. 1925, p. 1098,) and the county court by its contempt order expressly found that the judges and clerks who conducted the election of April 7, 1925, were officers of that court." The Supreme Court, after a full consideration of all the contentions made, entered an order awarding the writ.

In view of the decision of the Supreme Court in this case and for the reasons hereinbefore stated in this opinion, we are of the opinion that the order of the county court should be, and it is hereby affirmed, and the plaintiff in error, William Burke, defendant below, is hereby ordered remanded to the custody of the sheriff of Cook county.

> *Judgment affirmed and plaintiff in error remanded to the custody of the sheriff of Cook county.*

TAYLOR, P. J., and HOLDOM, J. concur.