The People of the State of Illinois for the Use of
Edward G. White, Administrator of the Estate of
Edward C. Cady, Appellant, v. Samuel H. White
et al., Appellees.

Gen. No. 8,521.

Opinion filed November 4, 1931.

Jesse Heylin and Wm. C. Worley, for appellant;
Russell E. Townsend, of counsel.

Burnett M. Chiperfield, Claude E. Chiperfield
and Robert B. Chiperfield, for appellees.

Mr. Justice Eldredge delivered the opinion of the court.

This is an action of debt brought to recover damages for a breach of the official bond of Samuel M. White, constable. The bond was in the penal sum of $2,000 and was executed by Samuel M. White as principal and appellees H. H. Swartz and John Luman as sureties and the suit was originally brought against White, Swartz and Luman as defendants. Before the case was tried White died whereupon leave was granted to proceed against the surviving defendants Swartz and Luman and an amended declaration was filed to which a demurrer was sustained and appellant abiding by its declaration, judgment was entered against the plaintiff, appellant, here.

From the facts as alleged in the declaration it appears that one Boden was a justice of the peace for the town of Young Hickory in the county of Fulton; that the village of London Mills is situated partly in Fulton county and partly in Knox county; that Samuel M. White was a constable in the town of Young Hickory in Fulton county; that one Frank M. Craver instituted a replevin suit before said justice of the peace against the beneficial plaintiff Edward G. White as administrator of the estate of Edward C. Cady, deceased, for the possession of an automobile; that a proper complaint was made and the writ of replevin was delivered by said justice of the peace to the constable, Samuel M. White, to serve; that by inadvertence or mistake the venue on the writ of replevin was laid in Knox county and the defendant in the replevin suit was summoned to appear before the said justice of the peace at his office which was in Fulton county; that the constable served the writ of replevin by taking possession of the automobile and delivering it to the plaintiff in the replevin suit; that when the case came to trial the defendant by his attorney limited

his appearance for the purpose of entering a motion to dismiss said suit for want of jurisdiction "and for other causes appearing on the record." On motion of the plaintiff in the replevin suit the court allowed the plaintiff to amend all the files in the cause by striking out the word "Knox" wherever it appeared therein and inserting in lieu thereof the word "Fulton" and overruled the motion of defendant to dismiss the suit, heard the evidence of the plaintiff and entered a judgment finding that the latter was entitled to the possession of the automobile.

The theory of the declaration is that the justice of the peace never acquired any jurisdiction of the person of the defendant in the replevin suit and that the constable acted without any authority of law in seizing the automobile in question.

The principal cause of demurrer is that under the allegations of the declaration the appearance of the defendant in the replevin suit was a general appearance and not limited in the motion to dismiss the suit solely on the ground of lack of jurisdiction but embraced as reasons for the motion, "other causes appearing on the record." A number of other points are advanced for sustaining the demurrer to the amended declaration, but, in our opinion, it is necessary to notice but the one above mentioned because if the justice obtained jurisdiction of the defendant in the replevin suit the action on the constable's bond necessarily fails. It is a universal rule that where one desires to object to the jurisdiction of his person he must limit his appearance to that purpose alone for if he appears for another purpose he waives the objection to jurisdiction of his person and is held to have appeared generally. *Supreme Hive Ladies of Maccabees v. Harrington,* 227 Ill. 511. In the case cited it was also held: "If the defendant appears and makes a motion or files a plea or takes any other step which

the court would have no power to dispose of without jurisdiction of the defendant's person, such action on the part of the defendant will be a submission of his person to the jurisdiction of the court and will be a waiver of any objections to the jurisdiction. He cannot, by his voluntary action, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists.'' The motion made in the replevin suit by the defendant therein embraced other causes appearing on the record beside that of jurisdiction of the person of the defendant as reasons for the dismissal of the suit. By inviting the court by his motion to consider other reasons for the dismissal of the suit than that of jurisdiction which could not have been disposed of or determined without the jurisdiction of the defendant's person the question of such jurisdiction was waived. *Kelly v. Brown,* 310 Ill. 319; *People v. Smith,* 281 Ill. 538; *Louisville & N. R. Co. v. Industrial Board,* 282 Ill. 136; *Thomson v. Patek,* 235 Ill. 341.

The appearance of the defendant in the replevin suit was a general one and the justice of the peace obtained jurisdiction of the person of the defendant in that case. It follows that the circuit court did not err in sustaining the demurrer to the declaration and the judgment is affirmed.

*Affirmed.*