The People of the State of Illinois ex rel. John S. Rusch, Defendant in Error, v. Ben E. Schwartz, Plaintiff in Error.

Gen. No. 38,339.

Opinion filed February 19, 1936. Rehearing denied March 5, 1936.

SAMUEL J. ANDALMAN, of Chicago, for plaintiff in error; JULIUS A. BARTHOFF, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; JOHN F. CASHEN, JR., of counsel.

Mr. Justice Hebel delivered the opinion of the court.

This writ of error is issued upon the application of Ben E. Schwartz and is directed to the county court of Cook county for the purpose of reviewing an order of contempt, wherein Herman Brown, Thelma Goldman, Ben E. Schwartz and Harry Schwed, respondents in the proceeding, were adjudged guilty of contempt while acting as judges and clerks of election at an election held on November 8, 1932, in the 13th precinct of the 39th Ward of the City of Chicago, in knowingly, fraudulently and unlawfully making a false canvass and return of the votes cast in said precinct at said election and being guilty of contempt, the court imposed a penalty of 60 days' imprisonment in the county jail of Cook county, Illinois, for certain acts in violation of the election law, unless sooner discharged in due course of law.

This action is based upon the provisions of sec. 13 of the City Election Act, ch. 46, ¶ 267 of the Ill. State Bar Stats. 1935 ed., which provides: "And after confirmation and acceptance of such commission, such judges and clerks shall thereupon become officers of such court and shall be liable in a proceeding for contempt for any misbehavior in their office, to be tried in open court on oral testimony in a summary way, without formal pleadings, but such trial or punishment for contempt of court shall not be any bar to any proceedings against such officers, criminally, for any violation of this act."

The order of commitment is, in substance, as follows:

That a general election was held in the City of Chicago on November 8, 1932, at which election various candidates of different political parties were voted upon for public office and various issues in the form of propositions were submitted to the voters for their

approval; that at said general election in the 13th precinct of the 39th Ward, said respondents, Ben E. Schwartz, Herman Brown, Thelma Goldman, Olga Boyd and Harry Schwed and each of them served as judges and clerks of said election and each of them by virtue of his respective office as judge and clerk of said general election was an officer of the county court of Cook county in the State of Illinois.

That at and during said general election the said Ben E. Schwartz and the other officers above named, and each of them, as judges of said election, and Harry Schwed as a clerk of said election knowingly, fraudulently and unlawfully made a false canvass and return of the votes cast in said precinct at said election.

That the said respondents, Ben E. Schwartz, Herman Brown, Thelma Goldman, and Harry Schwed, and each of them, by reason of the foregoing, was and is guilty of misconduct and misbehavior as an officer of the county court of Cook county, State of Illinois. Olga Boyd, a clerk having been purged of any contempt, was discharged.

The proceeding by the court is a summary one and is for a direct contempt of these election officials for misbehavior in their office, which was tried in open court on oral testimony without formal pleadings. And upon the hearing of evidence, the court entered the order finding the defendants guilty of a contempt as officers of the county court of Cook county. The order of commitment was entered by the court after evidence was heard and the court found that the respondent, together with the other respondents, served as a judge and clerk at the election in question and as an officer of the county court of Cook county, and State of Illinois. The respondent as such officer of the court was found to have knowingly, fraudulently and unlawfully made a false canvass and return of the votes cast in the precinct of said election by the voters thereof.

In determining whether the respondent, together with the other officers, was guilty of misconduct, misbehavior or violation of the election law as an officer of the court, we find that the election law that controls the election in question provides under par. 336, ch. 46, Ill. State Bar Stats. 1935, Elections:

"Every judge of election, member of any board of canvassers, messenger, poll clerk or other officer authorized to take part in, or perform any duty in relation to, any canvass or official statement of the votes cast at any election in any precinct, or in any city, village or incorporated town, who shall wilfully make any false canvass of said votes;

"Or shall make, sign, publish or deliver any false return of such election, or any false certificate or statement of the result of such election, knowing the same to be false . . .

"Shall, on conviction thereof, be adjudged guilty of a felony, and shall be punished by imprisonment in the penitentiary for not less than five nor more than ten years." So it would seem from this provision that these election officials as officers of the county court were found guilty of returning a false canvass of the votes cast in the precinct where they were officiating at the time in question.

The respondent, however, contends that in a proceeding for a direct contempt the law requires that the order of commitment shall set out all of the facts constituting the offense with sufficient particularity and certainty to justify the punishment. From the order in the instant case, it appears that a rule was entered against the respondent and oral answers were made to the rule by each of the respondents, and they being present in court and attended by counsel, the court heard evidence, and it is from the evidence, which the statute provides may be orally taken, that this respondent, together with others, was found guilty, and the statute providing that such misbehavior of the

election officials is a direct contempt, the Supreme Court in the case of *People v. White,* 334 Ill. 465, said: "... the county court is given jurisdiction to supervise the honest conduct of elections, and judges and clerks who are appointed by that court are officers thereof. Their misconduct, therefore, is the misconduct of officers of the county court. The rule long established both at common law and in equity is, that the legislature may not restrict the jurisdiction of the court in contempt proceedings but the power to punish for contempt is inherent in the court." Citing *State v. Froelich,* 316 Ill. 77; *People v. Panchire,* 311 Ill. 622.

The contempt proceeding in this case was conducted in a summary manner, and the order was entered upon the evidence heard by the court. This evidence, however, was not preserved in any way in the record, so that we have but one duty to perform, and that is to presume that the court heard sufficient evidence to justify the order entered finding the respondent guilty and inflicting punishment. This court in passing upon this question in *People ex rel. Jeske v. Burke,* 247 Ill. App. 220, a somewhat similar case, held that the order was a proper one where evidence was heard in determining the guilt of the respondent for contempt and said:

"This matter comes to us on a record containing the pleadings and an order of the county court finding the plaintiff in error, defendant below, William Burke, guilty of contempt of court and ordering him committed to the custody of the sheriff. There is no bill of exceptions although it appears from the commitment order that evidence was heard at the hearing of the cause, and the order of the court appears to be based upon that testimony.

"It follows, necessarily, that while an order of court adjudging a defendant guilty should be carefully scanned for the purpose of finding that the court had

jurisdiction, and that there were allegations in the order, sufficiently clear upon which to predicate a finding of guilty; nevertheless, it is also true that this court will presume that the evidence heard was sufficient to warrant the findings contained in the order of commitment.''

From an examination of this record, we are unable to find that there were any objections made by this respondent at any time which would justify the court in going into the various questions raised. While the general rule is that the question of jurisdiction may be raised at any time, on the other hand, objection must be made by the defendant upon the trial to questions such as have been raised here in this case concerning the sufficiency of the order entered by the trial court, and unless he does so he is not in a position to complain in this court. *People ex rel. Jeske v. Burke, supra.* Other authorities have been called to our attention, but from an examination of the record, the order in question is not erroneous.

The respondent also contends that the *placita* fails to show that the court was regularly organized at the term at which the defendant was committed, and therefore the order should be reversed, and points to the fact that the record does not show that the court was regularly convened at the term when Schwartz was committed. The certificate in this particular case only certifies that it is a true, perfect and complete copy of the judgment order and *praecipe,* and while there is a convening order attached to this record, the *praecipe* does not call for the *placita* showing a convening of the court at the beginning of the term. The whole record of the cause is not before us, but only such part as the *praecipe* required should be prepared, which as we have above stated, was the judgment order, and we assume from the fact that the record is not complete,

there was a proper convening order, as required by law. *Springer v. Maddock,* 59 Ill. App. 40.

We are of the opinion that the trial court did not err in entering the order of commitment here on writ of error. Accordingly the action of the trial court is approved and the order affirmed.

*Order affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.