Mike Frank, Plaintiff-Appellee, v. James A. Hayes, et al., Defendants.
James A. Hayes, Defendant-Appellant.

Gen. No. 10,257.

Third District.

February 18, 1960.

Rehearing denied May 3, 1960.

Released for publication May 3, 1960.

Francis R. Wiley, of Decatur, and William J. Becker, of Clayton, Missouri, for James A. Hayes, defendant-appellant.

Rosenberg and Rosenberg, and Henson, Morthland, and Henson, all of Decatur, for plaintiff-appellee.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

The plaintiff, Mike Frank was robbed of $10,000 in front of his tavern in Decatur, Illinois, on the 20th of August 1953, by one Leonard Voss. Frank had obtained the money from the Millikin National Bank a short time before the robbery, intending to use it for

cashing checks. The money consisting of $7500 in $20 bills, $430 in $10 bills, $1505 in $5 bills, $300 in $1 bills, $60 in half dollars, $75 in quarters, $100 in dimes and $30 in nickels, was placed by the bank teller in a twill cloth bag, which was tied and then placed in a paper sack and handed to the plaintiff. About midnight of the same day, the defendant Hayes was arrested in St. Louis, Missouri and his car searched. Under the front seat of his car, in a plastic bag the police found $3000 in $20 bills, $40 in $10 bills, $705 in $5 bills and $290 in $1 bills. Hayes at that time claimed he did not own the money and did not know how it came to be in his car. Hayes was indicted for the robbery, in the Macon County Circuit Court and his trial started on March 9th, 1954. On the same day, the plaintiff filed his affidavit in the Circuit Court of Macon County for writ of replevin, claiming the money and charging the defendant, James A. Hayes, James Chapman, a police officer of the City of St. Louis, and Harry R. Butt, the Circuit Clerk of Macon County, with unlawfully withholding the $4035 in money.

After the arrest of Hayes, the police in St. Louis held the money, until the defendant James Chapman brought it to court, turned it over to Harry R. Butt the clerk of the Circuit Court and was given a receipt for it. It was in the custody of the clerk, at the time the replevin suit was instituted and during the trial of the robbery case against the defendant James A. Hayes. Hayes was acquitted of the robbery charge and in the subsequent trial of the replevin suit, before the court, judgment was rendered for the plaintiff and against the defendants. Hayes has appealed to this court, but the two other defendants, James Chapman and Harry R. Butt did not join in the appeal, apparently for the reasons that they were only custodians of the money and the real issue was between the plain-

tiff and the defendant Hayes, as to the right of owner-
ship and possession of the money.

Defendant Hayes raises the following points in his
appeal.

1. The money was in the possession of the defendant
 Harry R. Butt as clerk of the court, and was in the
 custody of the law.
2. Replevin will not lie for property in the custody
 of the law.
3. Plaintiff in a replevin suit must have the right of
 immediate possession.
4. Replevin will not lie against one not in possession.
5. Where money is sought to be replevined it must be
 specifically identified.
6. That the court did not have jurisdiction of the de-
 fendant Hayes.
7. The testimony of the St. Louis officers was entitled
 to little evidentiary value, and the testimony of
 Joseph Leo Hayes, brother of the defendant James
 A. Hayes being uncontradicted, cannot be ignored
 by the court, unless such testimony, from its nature,
 is not creditable.

Since the distinctions between certain points raised
in the appeal are so slight, for the purpose of this ap-
peal, this court will consider Points 1 and 2 raised by
the defendant as one matter, since the question raised
is whether or not money in the custody of the court or
a court officer can be replevined. Likewise, Points 3
and 4, raised by the defendant will be considered as
one point, namely, the necessity of the right of posses-
sion in the plaintiff to entitle him to sue.

■ The defendant cites a number of cases in sup-
port of his theory that the plaintiff cannot replevin
property in the custody of the court. Jones v. Hodges,
2 Ill.App.2d 509 is not in point, it being an action

originally for a declaratory judgment, and upon a trial of the cause, and decree entered against the plaintiff, the defendant sought to discover assets and ask for an accounting. The only authority we find in that case that is pertinent to this case, is that funds in the hands of clerks of courts, masters in chancery and receivers, as officers of the court, are in the custody of the court for the parties ultimately entitled thereto. The case of Kneisel v. Ursus Motor Co., 316 Ill. 336, was a contempt of court matter in which an attorney, without leave of court, filed a petition for return of certain property in the hands of a receiver. The attorney, although fully aware that a special judge had been assigned to handle some 298 receivership cases against one Jacob Goldman, filed a petition for Goldman's wife, without leave and alleged that the special judge was biased and prejudiced against Goldman and his wife and was not a proper person to preside at any trial concerning the rights of the petitioner. This case also affirms the law that property in the hands of an officer of the court is in the custody of the court but it sheds no light on the matter here. The case of Citizens State Bank v. Goebel, 292 Ill. App. 95, is a clear statement of the law as to property in the hands of a court or court officer. That case at page 102, says: " 'Where a clerk, master in chancery or other officer of the court has received by virtue of his office, or has had come into his hands in the course of some legal proceeding, money or property which he has no equitable right to retain, the court in which such proceeding is pending has jurisdiction, on petition or motion of the party entitled thereto entered in the same suit, to order the money or property returned to the party to whom it belongs, even though his term of office has already expired. Baltimore & O. R. Co. v. Gaulter, 165 Ill. 233; Metropolitan Trust & Savings Bank v. Perry, 194 Ill. App. 277.' "

104

The case of Anderson v. Macek, 350 Ill. 135, is a contempt of court case, and affirms the authority of the court to direct the disposition of property in the custody of the court, but this case, as the Kneisel v. Ursus Motor Co. case only emphasizes the right of the court to punish by contempt proceedings any attempt to attach or replevin property in the hands of the court without the consent of the court. It may well be in this case, that the plaintiff should have secured authority of the Circuit Court of Macon County to institute his suit for replevin, but this point was not raised in the trial and is therefore not before this court. In this case it must be further noted that the two officials, the policeman and the circuit court clerk, who could properly raise the point, did not do so, and did not appeal the decision of the trial court. The replevin suit was brought in the court having jurisdiction and custody of the money, and that court directed that the money be returned to the plaintiff. It is true that a motion might have sufficed, but, since the trial court did not consider it a contempt that leave to file the replevin suit was not obtained, and the two officers did not complain, we see no merit in the contention of the defendant on this point.

▆▆ The contention of the defendant Hayes that the plaintiff did not have the right of immediate possession, and that replevin will not lie against one not in possession, must be considered in the light of the facts here. It is true that Hayes did not have actual possession of the money, since it had been taken from him by the St. Louis police officers. However, he still claimed the money, and since it was in the hands of the court, there was such a constructive possession that it is absurd to have the defendant contend on the one hand that he did not have possession and on the other hand contend that the money was his and he was entitled to the possession. As long as the money was in

105

the custody of the court, and subject to being returned to him by order of that court, we think there was sufficient possession to justify the plaintiff in making him a party and contending that he withheld possession of the property, namely the money found in his car. The defendant Chapman did not have possession since he had surrendered it to the clerk of the court. Eliminating Chapman, who did not at any time claim any interest in the money, and eliminating the clerk Butt, who answered that he had the money and held it subject to the order of the court, the issue is between the plaintiff and the defendant Hayes. The fact that the suit was instituted while the trial was in progress does not seem to be too important, since this is only a matter of timing. If the plaintiff had waited until the criminal trial was finished, the money would have still been in the custody of the court, subject to order of the court. It is true that the filing of the affidavit for replevin is the beginning of a suit in replevin. Roberts v. Perrine, 247 Ill. App. 259. It is equally true that the plaintiff must recover, if at all, on the strength of his own title and right to immediate possession of the property. Reynolds v. McCormick, 62 Ill. 412; Pease v. Ditto, 189 Ill. 456; Forgan v. Gordon Motor Finance Co., 350 Ill. 445. And replevin lies only against a person from whose possession the sheriff can take the property and to whose possession it can be returned. Blatchford v. Boyden, 122 Ill. 657; Richardson v. Cassidy, 63 Ill. App. 482; Gilbert v. Buffalo Bill's Wild West Co., 70 Ill. App. 326; Milhahn v. Sapp, 338 Ill. App. 12; 46 Am. Jur. 21. And using these authorities to support his contention, the defendant Hayes contends that the suit would not lie against him, or against the defendant Chapman, since the money had been taken from him and surrendered by Chapman to the circuit clerk of Macon County. Unfortunately for the

106

contention of Hayes, the defendant Butt did have possession of the property, it could have been taken from his possession, and it could have been returned to him. Butt held the money subject to the order of the court, and since Hayes claimed the money we believe there was constructive possession on the part of Hayes which was not terminated until the court ordered it returned either to Hayes, or to the plaintiff. We do not believe Hayes can raise the question of the right of possession of other defendants who are not before the reviewing court. In the case of Brummel v. Glos, 275 Ill. 28, the court there held that on appeal, only the party prejudiced can be heard to complain of erroneous rulings.

In the case of Haugan v. Michalopoulos, 280 Ill. App. 239, the court there on page 244 said: " 'As a further corollary to the principle that parties can assign errors or cross-errors only upon questions which affect them directly, it follows that alleged error affecting only parties who have not joined in review cannot be taken advantage of by those who are in the reviewing court. Errors on behalf of or relating to such absent parties cannot be assigned unless they affect those who are parties to the review. And matters as to such absent parties are obviously concluded.' The Illinois cases which sustain this rule are too numerous to be either cited or reviewed."

■ Obviously, since the only person who could complain as to the right of the plaintiff to immediate possession would be the person in possession of the money, namely the defendant Harry R. Butt, and he is not in this court on review, the defendant Hayes cannot complain of the matter or raise the question on review.

■ The fifth point raised by the defendant Hayes is that the money was not sufficiently identified as

107

being the money taken by robbery from the plaintiff. This court regards that question as a question of fact that was determined by the trial court and our courts have held so many times that the reviewing court will not substitute its opinion for that of the trial court, unless such determination was clearly and palpably against the weight of the evidence, that citation is unnecessary. Without going into detail of the evidence, we agree with the language of the trial court that the defendant Hayes' accounting of his possession of the money was "fantastic." When the money was found Hayes denied any right of possession and insisted that it was not his money and that he did not know how it came to be hidden under the front seat of his car. His cap, with his union badge or number was found on the street near the scene of the robbery. The car used in the robbery and his car are similar. His story of the loan from his brother, and that of his brother deserved little credence. This court cannot say that the trial court was wrong in determining the identity of the money to be the same or part of the same money stolen at gunpoint from the plaintiff, but on the contrary, in view of the denials, the actions and the evasions of the defendant Hayes, it would seem that although the evidence was circumstantial, it was fairly proven that the money recovered from Hayes was part of the stolen money.

The sixth point raised by the defendant Hayes was that of jurisdiction of the court as to himself. This matter was raised in the trial court and overruled, and the defendant thereupon filed his general answer and participated fully in the case. Where the court is without jurisdiction to try the subject matter, it cannot be waived. Demilly v. Grosrenaud, 201 Ill. 272; Welton v. Hamilton, 344 Ill. 82; Toman v. Park Castles Apartment Bldg. Corp., 375 Ill. 293.

108

And this lack of jurisdiction cannot be conferred by agreement of the parties, or waived, Pocahontas Mining Co. v. Industrial Commission (De Laurenti), 301 Ill. 462. The question of jurisdiction of the court as to the subject matter may be raised at any time. People v. Securities Discount Corp., 361 Ill. 551; People ex rel. Rusch v. Schwartz, 284 Ill. App. 38; Meyer v. Meyer, 328 Ill. App. 408. However, for the purposes of this appeal, this court need not consider this point since it must be conceded that the Circuit Court of Macon County had the power and jurisdiction to try the replevin suit and the money was in its custody, so that the jurisdiction of the subject matters is not in issue. But the defendant Hayes contends that the court did not have jurisdiction of his person. Hayes was arrested in St. Louis, Missouri, and brought through the process of extradition to Illinois. He resisted extradition and was under arrest at the time he was served with the summons in the replevin suit. The question then arises, did the defendant Hayes, after he had moved the court to dismiss for want of jurisdiction of his person, waive the question of jurisdiction of his person by answering after his motion was denied. The record shows that the defendant did answer the complaint, after his motion was denied and participated fully in the trial of the cause. Does such general appearance and participation, after denial of his motion attacking the jurisdiction, constitute a waiver. There are Illinois cases which hold that he does not waive his right to complain of the jurisdiction at any time, and that he may, after he has raised such question, go to trial without waiving the point. State Bank of Chicago v. J. G. Thweatt, 111 Ill. App. 599; Dennison v. Taylor, 142 Ill. 45. And it is said in 41 ALR2d at page 1137, that it is a general rule that a non-resident, or a person upon whom personal process cannot be obtained,

109

cannot, by general appearance or pleading, or participation in the proceeding, supply or dispense with an essential statutory requirement and thereby confer jurisdiction, but he may, rather, after a general response, challenge the court's jurisdiction if a jurisdictional question arises or the need to do so becomes apparent. Here the court had jurisdiction of the money. It also had jurisdiction of Hayes, if the fact that he was under arrest and not voluntarily subject to service does not interpose a bar, since it is not contended that he was not served with process of summons by the proper officers and in the proper manner. The plaintiff contends that the motion to dismiss contained matters other than those dealing with jurisdiction and therefore, constituted a general appearance, citing People v. Estep, 6 Ill.2d 127, and People for the Use of White v. White, 263 Ill. App. 425. If the motion did contain other matters, it would be a general appearance, but a reading of the motion does not disclose the allegation of the other matters the plaintiff contends are in it. It does recite the steps by which the money was brought to Illinois and the steps by which the defendant was brought to Illinois, but we do not believe that the motion to be proper could only recite the allegation that the court did not have jurisdiction of the person making the motion, without stating facts to set forth why the court lacked jurisdiction. Likewise, the plaintiff contends that the defendant Hayes is precluded from raising the issue of jurisdiction of his person on appeal, and cites two cases, but neither of these cases seem to be in point. Here the question of jurisdiction was raised by a limited motion. In the two cases cited it was not. Since the question of jurisdiction can be raised at any time and is now before this court, the sole question as to jurisdiction this court must decide, is, whether

110

a person, residing in another state and brought to Illinois by extradition in a criminal proceeding and under arrest at the time he was served with civil process, is within the jurisdiction of the court in a civil action.

While the Federal Courts in their decisions have not laid down a definite rule that would apply to State courts, they have held that a suitor or a witness, coming from another state or jurisdiction, is exempt from the service of a civil process while in attendance upon court and during a reasonable time in coming and going. Stewart v. Ramsay, 37 S. Ct. 44, 242 U. S. 128, 61 L. Ed. 192. This would seem to apply to civil process in the Federal Courts.

In the case of Beatty v. Monahan, 240 Ill. App. 240, at page 242, our Appellate Court adopts the federal rule as to a non-resident suitor or witness, holding that such a non-resident is privileged from service of legal process in civil actions while attending upon the trial of a cause in a court. And the case of Gregg v. Sumner, 21 Ill. App. 110, although decided long before the Stewart v. Ramsay case, used almost identical language when it said: "There is no doubt that by the great weight of authority, it is an established and well settled principle that parties and witnesses are privileged from service of legal process in civil actions while in good faith attending upon the trial of a cause in court, and the privilege extends in point of time so long as may be fairly required in going to and returning from the place of trial as well as while the party is in actual attendance there."

However, our courts make a distinction between parties and witnesses attending a trial of a cause in court, and those held upon a criminal process. In the Beatty v. Monahan case, at page 243, the court there said: "In McNab v. Bennett, 66 Ill. 158, it is said that

111

if a man voluntarily leaves his residence or goes into another county or, if seized, when properly charged with crime and taken into another county he would not be exempt from the service of civil process. But if his arrest was caused by false and fraudulent pretense or by abduction for the sole purpose of obtaining service in a civil proceeding, it would be a base and utter perversion of the object of the law to permit him to be served with civil process while there, . . . ." In a very old Appellate Court case, Nichols, Shepard & Co. v. Goodheart, 5 Ill. App. 574, one John C. Sharp was arrested in Ohio upon the requisition of the Governor of Illinois. The officer who arrested Sharp in Ohio turned over certain money to Goodheart, the Illinois officer, and Goodheart brought Sharp and the money back to Illinois. While the money was still in the hands of Goodheart, a writ of attachment was served upon Sharp by reading the same to him through the bars of the jail. And, in that case, it was claimed that the attachment proceedings were void on the ground that a person cannot be brought by force into the jurisdiction of a court on a criminal charge and be amenable to its process in a civil case. The court in passing on the question of jurisdiction and the point raised, said: "This is undoubtedly the law where the debtor is fraudulently induced by the creditor to come within the jurisdiction of the court, so that he may be served or arrested under civil process, as in the case of Wanzer v. Bright, 52 Ill. 35, and similar cases. But the law permits civil suits to be commenced and prosecuted against persons who may be brought unwillingly into this State, where the creditor has nothing to do, directly or indirectly, with bringing such debtor within the jurisdiction of the court." The facts and the point of jurisdiction raised in the case are very similar to the facts and point at issue in this case. The same law applied in the case of Willard v. Zehr, 215 Ill. 148,

and some of the facts in that case are similar to this case. In the Willard v. Zehr case the defendant was brought from Missouri, under arrest to Tazewell County, Illinois, and while in that county was served with civil process, and the court held that unless he was in Tazewell County by reason of some fraud, artifice or trick on the part of the plaintiff, or some one acting for him, in order to obtain service upon the defendant, he was properly found within the county and was subject to civil process.

In the light of these cases, it would seem that Hayes was subject to civil process in Macon County, unless his presence there was procured by Frank by some artifice, fraud or trick to bring him to Macon County, in order to secure civil service upon him. There is nothing in the record to support any theory of any action on the part of the plaintiff to bring the defendant Hayes to Macon County, other than his appearing before a grand jury and testifying. The method or means of bringing Hayes to Illinois was through the criminal procedures of the Circuit Court of Macon County, and the plaintiff had nothing to do with those procedures.

■ We must therefore hold, that Hayes was not immune from service by summons while attending the criminal trial in which he was the defendant, and that the trial court had jurisdiction in the civil case, both of the subject matters and of the defendant Hayes.

■ The final point raised by the defendant is that the testimony of the police officers of St. Louis should be given little credence, and the testimony of his brother, being uncontradicted, must be given more credence and that the testimony of his brother, cannot be disregarded by the court. This court has no means of knowing what weight the trial judge accorded to the various witnesses' testimony, but the trial judge was in far better position to weigh their testimony and give

■■■■■■■■■■■■■■■■■

weight where due than this court. We regard the weight to be given the testimony of a witness as a question to be decided by the trial court and we will not disturb it.

Affirmed.

CARROLL and ROETH, JJ., concur.